737 P.2d 398

**The STATE of Arizona, Appellee,**

v.

**Ronald Dwight SCHACKART, Appellant.**

**No. 2 CA–CR 3658.**

Court of Appeals of Arizona, Division 2, Department A.

Feb. 20, 1987.

Review Denied May 27, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and John B. Barkley, Phoenix, for appellee.

Charles L. Weninger, Tucson, for appellant.

## OPINION

HATHAWAY, Chief Judge.

Appellant was indicted and found guilty of one count each of sexual assault, kidnapping, aggravated assault, and domestic violence. He was sentenced to concurrent presumptive terms of 10.5 years each for the sexual assault, kidnapping and domestic violence charges and 7.5 years for the aggravated assault charge.

Appellant raises three issues on appeal: (1) the trial court erred in denying a motion for mistrial; (2) he was subjected to double punishment, and (3) the trial court erred in admitting prior, unrelated bad acts. We affirm.

Appellant met his estranged wife at a Tucson motel. He had told her to meet him there because he was going to obtain the title to a new car, from other persons and he was then going to give her his car. They went to a room in the motel to wait for those persons. His wife went to the bathroom, and when she returned, appellant pointed a gun at her and told her to take off her clothes. She partially disrobed and told appellant to put the gun down, that he didn't need it. Appellant put the gun down, and they both sat on the bed. After a period of time, they both disrobed completely. Approximately 45 or 50 minutes after appellant had put the gun down, they had intercourse without her consent. They later left the motel to get something to eat. When appellant's car stalled, his wife got out of the car and went to a nearby restaurant to phone the police. Appellant followed her and tried to prevent her from making the call. He pushed her, she fell to the floor and appellant fled.

Appellant first argues that the court erred when it denied his motion for a mistrial. During voir dire examination, the members of the panel were asked whether they knew the victim. There were no affirmative responses. After the jury was selected and the oath administered, the prospective witnesses were called to the front of the courtroom and sworn in. At this time, two of the jurors recognized the victim. They immediately told the court that they had attended school with her. The court questioned the jurors to determine if their knowing the victim would affect their decision in the case. After the court was satisfied as to their impartiality, they were retained on the jury. Defense counsel moved for a mistrial on the ground that his ability to exercise his peremptory challenges properly was affected.

■ Appellant argues that denial of the motion was error. He maintains that the information withheld was of such a character as to indicate probable bias on the part of the jurors. We disagree. We believe the information that the jurors had known the victim in school was such *"as to indicate only a remote or speculative influence on the juror...."* (Emphasis in original) *State v. Garcia,* 102 Ariz. 468, 470–471, 433 P.2d 18, 20–21 (1967). In such a case, the court went on to say, *"the right of peremptory challenge has not been affected,"* (Emphasis in original) 102 Ariz. at 471, 433 P.2d at 21. There is no claim that the jurors were friends of the victim while in school. They merely recognized her as having been in school when they were. The court questioned the jurors regarding their impartiality and was satisfied that they were not biased. On review, an appellate court must defer to the trial judge, who is in a much better position to determine a juror's bias. Unless there is a clear abuse of discretion, the appellate court will not interfere. *State v. Robinson,* 127 Ariz. 324, 620 P.2d 703 (1980), cert. den. 450 U.S. 1044, 101 S.Ct. 1765, 68 L.Ed.2d 242 (1981). We find no abuse of discretion.

■ Appellant next argues that he was subjected to double punishment because kidnapping is a lesser included offense of domestic violence and aggravated assault is a lesser included offense of sexual assault. He maintains that since A.R.S. § 13-3601, defines domestic violence as, inter alia, any act which is an offense defined in A.R.S. §§ 13–1302 through 13–1304, the kidnapping statutes, kidnapping is a lesser included offense of domestic violence. Appellant misreads the statute. A.R.S. § 13–3601 is a procedural statute; it does not create a separate offense of domestic violence. The state concedes, correctly, that it was error to impose a separate sentence for

the "offense" of domestic violence. The conviction and sentence of 10.5 years for committing the "offense" of domestic violence must therefore be vacated.

 Turning to appellant's claim that aggravated assault is a lesser included offense of sexual assault, we again find no error. Appellant committed aggravated assault when he pointed the gun at his wife and ordered her to disrobe. She then convinced him to put the gun away. They sat on the bed talking for some 45–50 minutes before appellant sexually assaulted his wife. These were two separate and distinct offenses, and it was not double punishment to impose separate sentences. A.R.S. § 13–116 provides that when an act is punishable under different sections of the criminal code, punishment may be imposed under both; however, the sentences must be concurrent. Appellant's sentences are to be served concurrently; therefore, even if the rape of his wife were part of the same act as pointing the gun, there was no error.

Appellant's final argument concerns the court permitting the state to introduce evidence of prior bad acts. He claims that the prejudicial effect of the testimony far outweighed any relevancy it might have had. Rule 403, Rules of Evidence, 17A A.R.S. The state counters that the prior bad acts were admissible under Rule 404(b). One of the defenses raised by appellant was that of consent on the part of the victim. The prior bad acts all involved the victim and were relevant to the victim's state of mind. We believe that the offering of the prior bad acts in this case comes within the "other purpose" ambit of Rule 404(b). "[I]f evidence is relevant for any purpose other than that of showing the defendant's criminal propensities, it is admissible even though it refers to his prior bad acts." *State v. Jeffers*, 135 Ariz. 404, 417, 661 P.2d 1105, 1118, cert. den. 464 U.S. 865, 104 S.Ct. 199, 78 L.Ed.2d 174 (1983).

The conviction and sentence pertaining to the domestic violence charge are vacated.

In all other respects, the judgment is affirmed.

HOWARD, P.J., and FERNANDEZ, J., concur.