772 P.2d 1145

**STATE of Arizona, Appellee,**

v.

**Joe M. SIRNY, Appellant.**

**No. 1 CA–CR 11928.**

Court of Appeals of Arizona, Division 1, Department D.

Jan. 17, 1989.

Review Denied May 9, 1989.

---

Robert K. Corbin, Atty. Gen. by William J. Schafer III Chief Counsel, Crim. Div., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Mary Lynn Bogle, Deputy Public Defender, Phoenix, for appellant.

OPINION

KLEINSCHMIDT, Judge.

The question presented is whether a jail sentence may be imposed as a condition of probation for offenders in the deferred prosecution program established by A.R.S. § 13–3601 (Supp.1988), the statute dealing with domestic violence. We hold that a jail sentence is not authorized under the statute.

Joe M. Sirny was arrested in July of 1987 for beating the woman with whom he was living. He was originally charged with aggravated assault, a Class 3 felony, in violation of A.R.S. § 13–1204(A)(1) and (B). Sirny agreed to plead guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), under the provisions of the statute addressed to domestic violence, A.R.S. § 13–3601. This was done. The plea of guilty was accepted and entry of judgment of guilt was deferred. Sirny was placed on probation pursuant to A.R.S. § 13–3601(G) on August 21, 1987. As a condition of probation, he was ordered to serve three months' jail time. He appeals from this order.

The record shows that on March 30, 1988, Sirny's probation was revoked and his plea of guilty to aggravated assault, a class 3 felony, was entered. The court ordered that his probation be reinstated for a period of three years. He has not appealed from the judgment of conviction or from the order reinstating his probation.

■ Sirny has already served the three. months' jail time ordered as a condition of his original period of probation. We will nonetheless resolve the question presented with regard to this order because it is an important one and because the issue threatens to evade review as a result of the relative brevity of the sentences imposed under the statute. *See Matter of King,* 150 Ariz. 206, 207, 722 P.2d 374, 375 (App. 1986). We have jurisdiction of this matter pursuant to A.R.S. § 13–4033(3).

Sirny's counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting as an arguable issue the trial court's lack

of authority to impose a jail term as a condition of probation. The state was ordered to file an answering brief. The state argues that a jail term may be imposed as a condition of probation pursuant to either A.R.S. § 13–901 (Supp.1988), the general probation statute, or A.R.S. § 13–3601(G), the domestic violence statute.

■ A brief overview of the domestic violence statute is helpful. All states have laws imposing criminal penalties for assault, battery and kidnapping, but these laws are frequently not enforced against a spouse or mate. Lerman, *Protection of Battered Women: A Survey of State Legislation*, 6 Women's Rts.L.Rep. 271, 273 (1980). To remedy this situation, many states have enacted a variety of statutory schemes. *Id.* Even though the mechanics were in place for deferred prosecution in Arizona, *see* A.R.S. § 11–361 (Supp.1988) and Rule 38, Arizona Rules of Criminal Procedure, the Arizona legislature enacted a specific statute to deal with domestic violence. Arizona Revised Statutes § 13–3601(G) provides:

G. If the defendant is found guilty of an offense included in domestic violence and if probation is otherwise available for such offense, the court may, without entering a judgment of guilt and with the concurrence of the prosecutor and consent of the defendant, defer further proceedings and place the defendant on probation as provided in this subsection. The terms and conditions of probation shall include those necessary to provide for the protection of the alleged victim and other specifically designated persons and additional conditions and requirements which the court deems appropriate, including any counseling or diversionary programs available to the defendant. On violation of a term or condition of probation, the court may enter an adjudication of guilt and proceed as otherwise provided for revocation of probation. On fulfillment of the terms and conditions of probation, the court shall discharge the defendant and dismiss the proceedings against the defendant. This subsection does not apply in any case in which the defendant has previously been found guilty under this section, or in which charges under this section have previously been dismissed in accordance with this subsection.

Sirny asserts that the trial court lacks authority to order a jail term as a condition of probation under § 13–3601. He acknowledges that the general probation statute, A.R.S. § 13–901, permits jail time as a term of probation, but he argues that § 13–3601 is a self-contained statutory scheme that does not authorize such a term. He points out that § 13–901(A) requires that a person be "convicted of an offense" before receiving probation and that no judgment of conviction has been entered in his case. The state, on the other hand, argues that the general probation statute and the domestic violence statute should be read together and that Sirny's plea of guilty was tantamount to a conviction.

We do not need to consider Sirny's assertion that A.R.S. § 13–901(A) does not apply because he has not been "convicted" because we accept his argument that the court is not authorized to impose a jail sentence under the domestic violence statute. Section 13–3601 sets out the entire scheme for the disposition of eligible offenders. It details specific procedures to be followed from arrest to completion of diversion and specifies which offenses come within the definition of "domestic violence." It describes when and how arrests can be made for those offenses and sets forth conditions and procedures involving release and the imposition of probation. It does not create a separate offense for which punishment can be imposed. *State v. Schackart*, 153 Ariz. 422, 423–24, 737 P.2d 398, 399–400 (App.1987).

■ The state argues that a jail term is authorized by A.R.S. § 13–3601(G) because the statute provides that:

The terms and conditions of probation shall include those necessary to provide for the protection of the alleged victim and other specifically designated persons and additional conditions and requirements which the court deems appropri-

ate, including any counseling or diversionary programs available to the defendant.

We agree that a jail term could serve many of the interests addressed by the domestic violence statute, but we believe that the absence of any reference to a jail term in the statute is at best ambiguous.

For example, it is arguable that the best way to protect the victim in a given domestic violence case might be to put the offender in jail for a specified term. However, it is also arguable that the provisions of A.R.S. § 13–3601 should be considered in conjunction with the provisions of A.R.S. § 13–3602 (Supp.1988), which deals with comprehensive orders of protection, an integral part of the domestic violence statutes. Although subsection (D)(4) of that statute provides that the court may order "[r]elief necessary for the protection of the alleged victim and specifically designated persons under proper circumstances," no one would seriously argue that jail is authorized as a condition of an order of protection.

Since the statute is ambiguous, we resort to rules of statutory interpretation, to find its meaning. *State v. Sweet,* 143 Ariz. 266, 269, 693 P.2d 921, 924 (1985). We are construing a penal statute.

 Arizona Revised Statutes § 13–104 provides as follows:

> The general rule that a penal statute is to be strictly construed does not apply to this title, but the provisions herein must be construed according to the fair meaning of their terms to promote justice and effect the objects of the law, including the purposes stated in § 13–101.

Although section 13–104 abolishes the general rule that penal statutes in this state are to be strictly construed, the rule of lenity still dictates that where a penal statute is susceptible of more than one interpretation, any doubt should be resolved in favor of the defendant. *Cawley v. Arizona Bd. of Pardons & Paroles,* 145 Ariz. 387, 388, 701 P.2d 1195, 1196 (App.1984), *approved,* 145 Ariz. 380, 701 P.2d 1188 (1985); *State v. Pena,* 140 Ariz. 545, 549–50, 683 P.2d 744, 748–49 (App.1983).

We hold that A.R.S. § 13–3601 does not authorize a trial court to impose a jail term as a condition of probation. If the legislature wishes to include jail as a condition, as well it may, it must say so unmistakably.

We affirm the trial court's order of August 21, 1987, which originally placed Sirny on probation pursuant to the domestic violence statute. Although the court's order of the same date incarcerating Sirny as a condition of probation is now moot because he has completed his jail term, we vacate the order in accordance with this opinion.

FIDEL, P.J., and NOYES, J., concur.

NOTE: The Honorable E.G. NOYES, Jr. was authorized to participate in this case by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 3.