836 P.2d 1000

**STATE of Arizona, Appellee,**

v.

**Juan G. PEREZ, Appellant.**

**No. 1 CA–CR 91–717.**

Court of Appeals of Arizona, Division 1, Department D.

Feb. 27, 1992.

Review Denied Oct. 6, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., Susanna C. Pineda, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Edward F. McGee,

Deputy Public Defender, Phoenix, for appellant.

## OPINION

SHELLEY, Retired Judge.*

Juan G. Perez ("defendant") appeals the imposition of a $100 felony assessment penalty pursuant to his guilty plea for attempted kidnapping, a class 3 felony. For the reasons stated below, we find that we are without jurisdiction to consider this appeal; however we have considered the issue as a special action and accept jurisdiction and grant relief.

Upon acceptance of the defendant's guilty plea, the trial court deferred entry of judgment pursuant to Ariz.Rev.Stat.Ann. section ("A.R.S. §") 13–3601(G)[1], and placed the defendant on five years probation. As conditions of probation, the trial court ordered the defendant to serve time in jail and to pay a monthly probation services fee, a $100 felony assessment penalty, and an $8 time-payment fee. The defendant timely appealed.

The defendant argues that the trial court lacked jurisdiction to impose the felony assessment penalty because he has not been adjudicated a felon. The state responds that this court is without jurisdiction to decide the defendant's appeal because there has been no final judgment of conviction.

■ We agree with the state. Under A.R.S. § 13–4033, a defendant may appeal from:

1. A final judgment of conviction.

2. An order denying a motion for a new trial or denying a motion for an arrest of judgment, or from an order made after judgment affecting the substantial rights of the party.

3. A sentence on the grounds that it is illegal or excessive.

Pursuant to A.R.S. § 13–3601(G):

If the defendant is found guilty of an offense included in domestic violence and if probation is otherwise available for such offense, the court may, *without entering a judgment of guilt* and with the concurrence of the prosecutor and consent of the defendant, defer further proceedings and place the defendant on probation as provided in this subsection.

(Emphasis added). Judgment is not final until it is orally pronounced and entered in the court's minutes. *State v. Johnson,* 108 Ariz. 116, 118, 493 P.2d 498, 500 (1972); *see* Ariz.R.Crim.P. 26.10. Because there has been no entry of judgment here, we do not have jurisdiction pursuant to A.R.S. § 13–4033(1). *See State v. Rendel,* 18 Ariz.App. 201, 205, 501 P.2d 42, 46 (1972).

As this matter does not involve the denial of a motion or entry of an order specified in A.R.S. § 13–4033(2), we also cannot base our jurisdiction on that subsection.

■ However, if the trial court's imposition of the felony penalty assessment constitutes a "sentence," then under A.R.S. § 13–4033(3) it would be an illegal sentence which would give us appellate jurisdiction. According to Arizona Rules of Criminal Procedure 26.1(b), "[t]he term sentence means the pronouncement by the court of the penalty imposed upon the defendant *after a judgment of guilty.*" (Emphasis added.) Since a judgment of guilt has not been entered, the imposition of the assessment did not constitute a "sentence." Thus, we have no appellate jurisdiction in this case.

■ Although we do not have appellate jurisdiction to review this issue, it is within our discretion to consider the matter as a special action. *Brown v. State,* 117 Ariz. 476, 477, 573 P.2d 876, 877 (1978). Special action jurisdiction is proper when the ultimate remedy available to the petitioner by way of appeal is neither plain, speedy, nor adequate. *Bechtel v. Rose In and For Maricopa County,* 150 Ariz. 68, 71, 722 P.2d 236, 239 (1986). Due to the unavailability of appeal, defendants would

---

* NOTE: The Honorable Melvyn T. Shelley was authorized to participate in this case by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 20.

1. As amended by Laws 1991, Ch. 225, § 3, former subsection (G) has been redesignated as subsection (H).

have no way to challenge the imposition of conditions of probation not permitted by section 13–3601 unless special action is available. Since we do not have appellate jurisdiction over this matter, and because we find this issue to be both important and devoid of other remedies, we accept special action jurisdiction. *See State v. Sirny*, 160 Ariz. 292, 293, 772 P.2d 1145, 1146 (App. 1989).[2]

■ The state argues that, since the defendant acquiesced in the imposition of the felony assessment penalty, he has waived the issue on appeal. In response, the defendant, citing *State v. Vargas–Burgos*, 162 Ariz. 325, 327, 783 P.2d 264, 266 (App. 1989), contends that, since the penalty assessment provided for in section 13–812 was not a permitted term of probation, the trial court did not have subject matter jurisdiction. Subject matter jurisdiction cannot be waived. Under *Vargas–Burgos*, an issue involving whether a sentence falls outside the statute is a question of subject-matter jurisdiction, and thus is not waived on appeal simply because the defendant did not object in the trial court.

■ Section 13–3601(G) provides, in pertinent part: "the terms and conditions of probation shall include ... additional conditions and requirements which the court deems appropriate including imposition of a fine, incarceration of the defendant in a county jail, payment of restitution ..." The state asserts that the imposition of a felony assessment penalty pursuant to A.R.S. § 13–3601(G) is proper because the statute allows fines to be ordered as terms of probation.

Defendant asserts since final judgment has not been entered in this case, he has not been "convicted" of a felony, and therefore A.R.S. § 13–812 cannot be applied. Section 13–812(A) reads:

In addition to any other fine or assessment, each person *convicted* of a felony shall be assessed a penalty of:

1. one hundred dollars....

A.R.S. § 13–812(A)(1) (emphasis added). For many purposes when a person enters a plea of guilty and it is accepted, or when a jury enters a verdict of guilt, the defendant is considered having been convicted. For example, Rule 7.2(b), Arizona Rules of Criminal Procedure (ARCP), limits bailable rights of a person convicted of a felony in the period between the conviction and the date of sentencing. It may be that the word "convicted" as used in this section implies final conviction. It is not necessary for us to make this determination in order to decide the issues presented in this case. However, even if the defendant is deemed convicted of a felony, further analysis is required to determine whether the penalty assessment applies to A.R.S. § 13–3601(G). The state relies on A.R.S. § 13–603(A) for authority that the penalty assessment can be made in this case. This section reads:

Every person convicted of any offense defined in this title or defined outside this title shall be *sentenced* in accordance with this chapter and chapters 7, 8, and 9 of this title *unless otherwise provided by law* (emphasis added).

This section is inapposite. It says "shall be sentenced." Under our rules, a sentence is defined as being entered after judgment of guilt. In this case judgment of guilt was deferred in accordance with § 13–3601(G). Furthermore, section 13–3601(G) provides, "On fulfillment of the terms and conditions of probation, the court shall discharge the defendant and dismiss the proceedings against the defendant." Additionally, section 13–603(A) provides, "unless otherwise provided by law." The state asserts that this permits an alternative disposition as contemplated by § 13–603, which provides for the imposition of a fine. The state asserts that the assessment under § 13–812(A) is clearly a fine. We disagree. It is true that in the case of *State v. Bruggeman*, 161 Ariz. 508, 779 P.2d 823 (App. 1989), the court assumed without analysis that the penalty assessment was a fine. We disagree. We point out that A.R.S. §§ 13–801, –802 and –803 specifically provide for fines. Section 13–812(A) provides

2. The court in *State v. Sirny*, 160 Ariz. 292, 293, 772 P.2d 1145, 1146 (App.1989), stated that it had jurisdiction over the matter pursuant to

A.R.S. § 13–4033(3). However, the issue of jurisdiction over matters arising from A.R.S. § 13–3601(G) was not raised in that case.

for a penalty assessment. It is apparent that the legislature intentionally distinguished between a fine and an assessment.

When *Sirny* was decided the statute did not permit incarceration. *Sirny* properly held that the court was without jurisdiction to impose a jail term. We note that section 13–812(A) states in pertinent part "... in addition to any other fine *or assessment,* each person convicted of a felony shall be *assessed* a penalty of: (1) one hundred dollars if the person is an individual ..." (emphasis added). Since the legislature used the term "fine or assessment," it is clear that the word "assessment" was not intended to be synonymous with the word "fine." In *Sirny,* the court stated, "Section 13–3601 sets out the entire scheme for the disposition of eligible offenders." 160 Ariz. at 294, 772 P.2d 1145. The section does not provide for the imposition of an assessment.

The court did not have jurisdiction to impose an assessment. The order of the trial court imposing the felony assessment penalty of $100 is hereby vacated. This case is remanded to the trial court.

TAYLOR, P.J., and GERBER, J., concur.