844 P.2d 631

**The STATE of Arizona, Appellee,**

v.

**Morris Ray GREEN, Appellant.**

**No. 2 CA–CR 91–0163.**

Court of Appeals of Arizona, Division 2, Department B.

Aug. 11, 1992.

Review Granted on Issue A and Denied on other Issues; Cross–Petition for Review Denied Feb. 2, 1993.

Grant Woods, Atty. Gen. by Paul J. McMurdie and Bruce M. Ferg, Tucson, for appellee.

James S. Alexander, Tucson, for appellant.

## OPINION

FERNANDEZ, Judge.

Appellant Morris Green appeals from his convictions for attempted first-degree murder, attempted second-degree murder, and kidnapping. He contends that the trial court erred in permitting him to be impeached with a prior felony conviction and in imposing two life imprisonment sentences, arguing that his guilty plea to an aggravated assault charge pursuant to the domestic violence statute, former A.R.S.

§ 13–3601(G), now § 13–3601(H), constituted a diversion and not a felony conviction. Appellant also contends that the court erred in denying his motion for a mistrial based on misconduct by the prosecutor in his rebuttal argument. We agree that appellant was both improperly impeached and improperly sentenced.

In January 1990, appellant's estranged wife went to a shopping center in Tucson with a man she had been dating (L.). The wife went to a grocery store while L. went to a fast food restaurant. As the wife was walking back from the store, she heard her name being called, turned around, and saw appellant in a car pointing a gun out the window. Appellant told her to stay where she was or he would kill her. She ran in the opposite direction, and appellant pursued her, caught her, and dragged her back to his car. The wife saw the gun on the car seat and knocked it out of the car. Appellant bent down and picked it up. At this point, L. returned, heard the wife screaming for help, and saw her struggling with appellant. As L. ran to appellant's car to help her, appellant pointed a gun at L. and told him, "I am going to shoot you, you son of a bitch." Appellant then shot at L. who ducked but sustained powder burns to his ear. Appellant cocked the gun again, but L. was able to grab the gun from him after a struggle. L. and a witness then turned appellant over to an off-duty police officer who was working as a security guard.

At trial, the wife testified that in August 1989, while they were living in Cochise County, appellant had struck her so hard that he had broken her jaw. She also testified that he had slammed her arm against a counter, and she had sustained a cracked elbow. After she reported the incident to the police, she separated from appellant, began dissolution proceedings, and moved to Tucson.

As a result of that incident, appellant pled guilty to aggravated assault causing serious physical injury, a class 3 felony. In November 1989, a Cochise County judge entered the following order: "The Guilty Plea entered by this Court on October 12,

1989, is ACCEPTED AND ENTERED OF RECORD. However, no Judgment of Guilt is entered at this time. The Defendant shall be placed on Probation pursuant to the terms and conditions imposed herein." The court placed appellant on probation for five years pursuant to A.R.S. § 13–3601.

Appellant was charged in this case with two counts of attempted first-degree murder, two counts of aggravated assault, and one count of kidnapping. A sixth count for possession of a deadly weapon by a prohibited possessor was severed from the other counts and subsequently dismissed. The state filed an allegation of prior felony conviction that was dismissed at the time of sentencing. Appellant was convicted of attempted first-degree murder of L., attempted second-degree murder of his estranged wife, and kidnapping. Because the court found that appellant was on probation for the Cochise County incident, appellant was sentenced pursuant to A.R.S. § 13–604.02(A) to two concurrent terms of life imprisonment on the attempted murder counts. He was sentenced to a concurrent, presumptive term of seven years for kidnapping.

Appellant filed a pretrial motion to dismiss both the allegation of prior felony conviction and the allegation that he had committed the offenses while he was on probation, arguing that he had not been previously convicted of a felony and was not on probation for a felony conviction. Appellant continued to raise the issue throughout trial. The trial court consistently found that the proceedings in Cochise County constituted a prior felony conviction. At the time of sentencing, the court ruled in part as follows:

THE COURT FINDS that, even though there was no entry of judgment of guilt, the Defendant was convicted of aggravated assault, a class three felony, in Cochise County. His conviction occurred when he pled guilty to the offense and the Court accepted the plea. Our Court of Appeals has made it clear that the time of conviction is separate from the time when judgment is entered. *State v. Superior Court In and For the*

*County of Pima (Cocio),* 138 Ariz. 4, 6[7]2 P.2d 956 (1983). Furthermore, before a person can be placed on probation, he or she must have been convicted of an offense. A.R.S. § 13–901.

While under the plea agreement and the applicable statutory scheme, the Defendant had an opportunity to have the conviction removed from his record and the case dismissed, this does not diminish the fact that the Defendant had been convicted in Cochise County Cause Number CR–89–00353 of aggravated assault, a class three felony, for which he was on probation at the time of this offense.

## EFFECT OF COCHISE COUNTY PROCEEDINGS

The central issue in this appeal is the proper interpretation to be given A.R.S. § 13–3601(H), which reads as follows:

If the defendant is found guilty of an offense included in domestic violence and if probation is otherwise available for such offense, the court may, *without entering a judgment of guilt* and with the concurrence of the prosecutor and consent of the defendant, defer further proceedings and place the defendant on probation as provided in this subsection. The terms and conditions of probation shall include those necessary to provide for the protection of the alleged victim and other specifically designated persons and additional conditions and requirements which the court deems appropriate, including imposition of a fine, incarceration of the defendant in a county jail, payment of restitution and any counseling or diversionary programs available to the defendant. On violation of a term or condition of probation, the court may enter an adjudication of guilt and proceed as otherwise provided for revocation of probation. *On fulfillment of the terms and conditions of probation, the court shall discharge the defendant and dismiss the proceedings against the defendant.* This subsection does not apply in any case in which the defendant has previously been found guilty under this section, or in which charges under this section have previously been dismissed in accordance with this subsection.

(Emphasis added.)

This statute, enacted in 1980, has been construed in only a few opinions. In *State v. Schackart,* 153 Ariz. 422, 737 P.2d 398 (App.1987), this court held that A.R.S. § 13–3601 is a procedural statute and that it did not create a separate offense called "domestic violence." In *State v. Sirny,* 160 Ariz. 292, 772 P.2d 1145 (App.1989), Division One of this court held that because § 13–3601 did not expressly authorize the imposition of a jail term as a condition of probation, the trial court had erred in sentencing the defendant to jail. The legislature subsequently amended the statute to expressly provide for the imposition of a jail term.

In *State v. Perez,* 172 Ariz. 290, 836 P.2d 1000 (App.1992), the defendant entered a guilty plea to a charge of attempted kidnapping, a class 3 felony. The court deferred entry of judgment pursuant to § 13–3601, placed him on probation for five years, and ordered him to pay a $100 felony assessment penalty. The defendant appealed, arguing that the court had improperly imposed the assessment because he had not been adjudicated a felon. Division One agreed with the state that it lacked jurisdiction to decide the appeal under A.R.S. § 13–4033 because no final judgment of conviction had been entered, noting that "[j]udgment is not final until it is orally pronounced and entered in the court's minutes." *Id.* at 21. The court then treated the proceeding as a special action and granted relief, observing that § 13–3601 does not expressly provide for the imposition of an assessment. It did not, however, determine whether a disposition under § 13–3601 constitutes a "conviction." The statute was also discussed in the case of *State v. Ramsey,* 171 Ariz. 409, 831 P.2d 408 (App.1992), but the issues involved there are of no assistance to us. Finally, in *State v. Aguilar,* 171 Ariz. 444, 831 P.2d 443 (App.1992), Division One ruled that a trial court has no authority to enter a judgment of guilt when it places a defendant on probation pursuant to § 13–3601 because the statute expressly provides that

a defendant is to be placed on probation without the entry of judgment.

The state argues that a distinction exists between a "conviction" and a "judgment" so that, although no judgment was entered against appellant, he was convicted of aggravated assault by pleading guilty and having his plea accepted by the trial court. As a result, the state concludes that appellant was properly impeached with a prior conviction and properly sentenced to two terms of life imprisonment because he was on probation for a prior conviction at the time these offenses were committed. As support for its argument, the state cites the following definitions in Rule 26.1, Ariz. R.Crim.P., 17 A.R.S.:

> **a. Judgment.** The term judgment means the adjudication of the court based upon the verdict of the jury, upon the plea of the defendant, or upon its own finding following a non-jury trial, that the defendant is guilty or not guilty.
>
> **b. Sentence.** The term sentence means the pronouncement by the court of the penalty imposed upon the defendant after a judgment of guilty.
>
> **c. Determination of guilt.** The term determination of guilt means a verdict of guilty by a jury, a finding of guilt by a court following a non-jury trial, or the acceptance by the court of a plea of guilty or no contest.

In addition, the state points to the provisions of Rule 26.2, which reads:

> **b. Upon Conviction.** Upon a determination of guilt on any charge, or on any count of any charge, judgment pertaining to that count or to that charge shall be pronounced and entered together with the sentence.

The state contends that the rules equate "determination of guilt" with "conviction," while distinguishing both terms from the entry of "judgment," noting that this distinction was the basis for this court's holding in *State v. Superior Court (Cocio)*, 138 Ariz. 4, 672 P.2d 956 (App.1983). We held there that Rule 7.2(b), Ariz.R.Crim.P., prohibits a trial court from ordering the release on bail of a defendant who is facing a prison sentence and whose guilt has been determined as defined in Rule 26.1(c), stating:

> When read together with Rule 26.2(b), it is clear that conviction and determination of guilt are referring to the same stage of the proceedings and are to be differentiated from the later time when judgment is pronounced and entered together with the sentence. That later time is the formal termination of the proceedings and is the point at which the appeal time begins to run.

*Cocio*, 138 Ariz. at 6, 672 P.2d at 958. The state concludes that because no action is taken under § 13–3601 until a defendant is found guilty, that finding constitutes a conviction, which can be used for impeachment and sentence enhancement.

■ We find that analysis, however, insufficient to resolve the issue. As this court observed in *Cocio, supra,* the criminal rules do not define "conviction." "The term 'conviction' means a verdict of guilty or a plea of guilty and sometimes includes the judgment, but the use of the word is not always uniform[;] rather[,] it depends upon the construction of the particular law or statute under consideration." 138 Ariz. at 6, 672 P.2d at 958.

■ Although we ruled in *Cocio* that "conviction" is the same as "determination of guilt" for purposes of deciding the right to be released on bail, we also acknowledged that the term sometimes equates to the entry of judgment. Therefore, we must examine the language of the statute involved here, keeping in mind the applicable rules of statutory construction. As Division One observed in *Sirny, supra,* Arizona no longer follows the rule that penal statutes are to be strictly construed. Nevertheless, "the rule of lenity still dictates that where a penal statute is susceptible of more than one interpretation, any doubt should be resolved in favor of the defendant." 160 Ariz. at 295, 772 P.2d at 1148.

■ In *Sirny*, the court found that § 13–3601 is a self-contained statutory scheme, noting that it "sets out the entire scheme for the disposition of eligible offenders. It details specific procedures to be followed

from arrest to completion of diversion...." *Id.* at 294, 772 P.2d at 1147. Pursuant to that scheme, a court does not enter a judgment of guilt at the time it imposes probation, and all further proceedings are then deferred.

■ The trial court found that the statute permits a defendant an opportunity to have his or her conviction removed from the record once he or she completes probation. We disagree. Section 13–3601(H) expressly provides that if the defendant successfully completes probation, "the court shall discharge the defendant and dismiss the proceedings." That language is different from that used in A.R.S. § 13–907, which permits certain convictions to be set aside after a defendant successfully completes probation. That statute specifically authorizes the conviction to be used as a prior conviction in subsequent prosecutions. To the contrary, under § 13–3601, a defendant who successfully completes probation will not have a prior felony conviction because an adjudication of guilt is entered under the statute only if the defendant violates the terms of probation. We conclude, therefore, that the statute reflects a legislative intent that a person who successfully completes the diversion program will not have a prior record.

It is undisputed that appellant did not successfully complete probation in the Cochise County case. If Cochise County had revoked his probation prior to the trial of this case, therefore, an adjudication of guilt would have been entered, and the conviction could have properly been used both to impeach him and to enhance his sentence. The record reflects, however, that although Cochise County filed a petition to revoke appellant's probation, no action was taken on it prior to his trial and sentencing in this case.

■ Our review of the case law reveals a continuing strict adherence to the express language of the statute. In light of that case law, we find that the only way to give effect to the expressed legislative intent is to conclude that neither the determination of guilt nor the imposition of probation pursuant to the statute constitutes a "conviction" for purposes either of impeachment or of sentence enhancement.

Appellant was sentenced to two terms of life imprisonment pursuant to A.R.S. § 13–604.02(A), which provides that a person who is convicted of a felony involving the use or exhibition of a deadly weapon shall be sentenced to life imprisonment if the offense was "committed while the person is on probation for a conviction of a felony offense." Because we have determined that appellant was not on probation for a "conviction" at the time these offenses were committed, we find that § 13–604.02 is not applicable. Thus, appellant was improperly sentenced on the attempted murder charges, and those sentences must be vacated.

■ The more difficult question before us is whether the court's ruling permitting appellant to be impeached with the Cochise County proceedings constitutes reversible error. Appellant does not dispute the fact that the wife's testimony about the incident that resulted in those proceedings was admissible as evidence of his motive and intent in this case pursuant to Rule 404(b), Ariz.R.Evid., 17A A.R.S. He argues, however, that the prosecutor was improperly permitted to impeach him with a prior felony conviction as a result of that incident.

Pursuant to Rule 609, the state was permitted to ask appellant on cross-examination whether he was then on probation for a felony. Appellant denied that he was, based on his contention that the Cochise County proceeding did not constitute a conviction. The prosecutor then showed appellant the Cochise County plea agreement, and appellant acknowledged that he had been placed on five years' probation but continued to deny that the offense was a felony. The prosecutor then showed appellant the sentencing memorandum, and eventually appellant agreed that he had been found guilty of a class three felony.

We do not doubt that that exchange affected appellant's credibility. His defense was that he had come to Tucson on a whim, found his wife by accident at the shopping center, and attempted to discuss their im-

pending divorce with her but she overreacted, and she and L. struggled with him so that the gun went off. He denied intending or attempting to shoot anyone. Appellant's credibility, therefore, was at issue. Two witnesses also testified, however, and although there were discrepancies in their testimony, they essentially supported L.'s and the wife's testimony.

Appellant contends that he is entitled to a new trial pursuant to the holding in *State v. Kiser*, 111 Ariz. 316, 529 P.2d 215 (1974). In that case, the defendant was impeached with a prior conviction that was subsequently reversed on appeal, and the charges were dismissed. Because his defense was entrapment, the court determined that the impeachment had so affected his credibility that he was entitled to a new trial. A new trial is not always required in such situations, however. Improper impeachment with a prior conviction can constitute harmless error. *State v. Ferreira*, 152 Ariz. 289, 731 P.2d 1233 (App.1986). In this case, because the facts of the Cochise County incident were admissible in any event, because the evidence of appellant's guilt was very strong, and because the prosecutor made no further reference to the conviction, we conclude that its use to impeach his testimony was harmless error.

## IMPROPER REBUTTAL ARGUMENT

■ In his rebuttal closing argument, the prosecutor stated:

That's why you heard about the prior incident between him and [the wife]. Because a man who gets so angry over a smart-alecky wife that he would, in his own words, bounce her around the bathroom, off of every item in the bathroom, I suggest to you, is going to get just as angry and a lot more angry when she calls the police the next day, files for divorce and gets out of the house.

That's why you heard about that. It's not window dressing. It's not irrelevant. It explains to you what kind of a man this is and how angry he gets and how angry he got at that woman.

Do you doubt for a moment that a man who gets so angry because of a smart-alecky wife that he bounces her all around the bathroom would hesitate to point a gun at her and tell her to get in the car? Do you doubt for a moment that a man who bounces his smart-alecky wife around the bathroom would be just as angry at her, not for being smart-alecky, but for asserting herself, for saying: I am not going to take this.

Appellant contends that the argument violated Evidence Rule 404(b) because the prosecutor thereby attempted to use the prior bad act as evidence of appellant's character and to show that he acted in conformity with that character at the time of the January 1990 incident. We agree that the argument was improper. "A verdict of guilt may not be based upon grounds that defendant, having committed previous crimes, is likely to have committed the offense in question." *State v. Eisenlord*, 137 Ariz. 385, 395, 670 P.2d 1209, 1219 (App.1983).

The record reflects, however, that although appellant objected twice during the rebuttal argument, he did not object to the above statements. At the close of argument and after the jury had been excused for the evening, appellant moved for a mistrial, in part because of the statements. "A declaration of a mistrial is the most dramatic remedy for trial error and should be granted only when it appears that justice will be thwarted unless the jury is discharged and a new trial granted." *State v. Adamson*, 136 Ariz. 250, 262, 665 P.2d 972, 984, *cert. denied*, 464 U.S. 865, 104 S.Ct. 204, 78 L.Ed.2d 178 (1983). In light of the facts in this record, we defer to the trial court's ruling denying the mistrial motion.

Appellant's convictions are affirmed; his life imprisonment sentences are set aside, and the matter is remanded for appellant to be resentenced on the attempted murder counts.

DRUKE, P.J., and HATHAWAY, J., concur.