NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

LAMONTA EUGENE CLEVELAND, *Appellant*.

No. 1 CA-CR 17-0758
FILED 11-29-2018

Appeal from the Superior Court in Maricopa County
No.  CR2016-131999-001
The Honorable Ronda R. Fisk, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael Valenzuela
*Counsel for Appellee*

Nicole Countryman, Attorney at Law, Phoenix
By Nicole Countryman
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge James P. Beene delivered the decision of the Court, in which Judge Michael J. Brown and Judge James B. Morse Jr. joined.

B E E N E, Judge:

¶1          Lamonta Cleveland ("Cleveland") appeals his convictions and sentences for aggravated domestic violence, kidnapping, assault, aggravated assault, and sexual assault. For the following reasons, we affirm.

## BACKGROUND[1]

¶2          After viewing Fourth of July fireworks with extended family, A.W. and her four minor children returned to their apartment complex. As they walked from the parking lot toward their apartment, Cleveland, A.W.'s former boyfriend and the father of her three youngest children, approached them and told them to return to their car.

¶3          Without resistance, A.W. and the children walked back to the car, but when Cleveland asked them to get inside, A.W. refused. To compel her compliance, Cleveland withdrew an item resembling a knife and held it to A.W.'s neck. Frightened, A.W. sat in the front passenger seat and the children sat in the back seat. Cleveland then climbed over A.W., sat in the driver's seat, and drove out of the apartment complex.

¶4          While driving, Cleveland asked A.W. to give him her cell phone. In response, A.W. stated that she did not know where it was, so Cleveland called her cell number and found the phone on the floor of the car. Cleveland scrolled through A.W.'s calls and texts and saw repeated communications with another man.

¶5          Enraged by this discovery, Cleveland drove to an apartment complex, parked, held the knife to A.W.'s neck, and told her that he was "not playing." At that point, Cleveland called a friend who resided at the apartment complex. This friend, unfamiliar to A.W., walked out to the car, handed Cleveland a gun, and told him it was loaded. While the children

---

[1]          We view the facts in the light most favorable to sustaining the verdicts. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

cried in the backseat, Cleveland held the gun to A.W.'s forehead "while yelling and screaming." Cleveland demanded A.W.'s driver's license and told the friend to note A.W.'s home address in case "anything happen[s] to [Cleveland], you['ll] know where to find her."

¶6        Cleveland then drove to another apartment complex, where he implored A.W. to reconcile with him. Afraid to anger him further, A.W. "didn't really say too much," "just kind of went along with it," and told him "what he wanted to hear."

¶7        Seemingly calmed by her obsequious demeanor, Cleveland drove back to A.W.'s apartment, helped put the children to bed, and asked A.W. to have sex with him. When A.W. responded, "no," Cleveland pulled her hair, told her that she could not refuse him, and "forced" her to perform oral sex on him. Afterward, Cleveland performed oral sex on A.W. and then had sexual intercourse with her on a couch and again in her bedroom.

¶8        After lying down for a few hours, Cleveland left the apartment. Shortly thereafter, A.W. took her children to the police station to report the assaults.

¶9        The State charged Cleveland with one count of aggravated domestic violence (Count 1), five counts of kidnapping (Counts 2-6), three counts of aggravated assault (Counts 7-9), one count of misconduct involving weapons (Count 10), four counts of sexual assault (Counts 11-14), and one count of sexual abuse (Count 15).[2] The State also alleged aggravating circumstances and multiple historical prior felony convictions.

¶10        At trial, the State presented evidence that days before the underlying events, A.W. obtained an order of protection prohibiting Cleveland from contacting her. Although A.W. testified that she verbally resisted Cleveland's sexual advances only once on the night in question, the State argued that the violence that preceded the sexual activity, both earlier that evening and other acts more remote in time, compelled A.W. to comply with Cleveland's demands, knowing "what could happen if she resist[ed] any further."

¶11        After the parties rested, Cleveland moved for a judgment of acquittal on all counts. Finding the State failed to present sufficient evidence to substantiate the count of sexual abuse, the superior court dismissed that charge but otherwise denied the motion. The jury found Cleveland guilty of the lesser-included offense of assault for Counts 7 and

---

[2]        The count of misconduct involving weapons was severed for trial.

8, which alleged the use of a knife, and convicted Cleveland as charged on the remaining counts. The superior court sentenced Cleveland to an aggregate term of sixty-three years' imprisonment. Cleveland timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2003), 13-4031, and -4033(A)(1) (2010).

## DISCUSSION

### I. Admission of Other-Act Evidence

**¶12** Cleveland contends the superior court improperly admitted other-act evidence offered by the State. We review the admission of other-act evidence for an abuse of discretion. *State v. Yonkman*, 233 Ariz. 369, 373, ¶ 10 (App. 2013) (citation omitted). Applying this standard of review, "we uphold a decision if there is any reasonable evidence in the record to sustain it." *State v. Butler*, 230 Ariz. 465, 472, ¶ 28 (App. 2012) (citation and quotations omitted).

**¶13** Before trial, the State moved to admit evidence of several violent and harassing acts Cleveland had committed against A.W. prior to the underlying events. As outlined in its motion, the State asserted that it did not intend to use the other acts to prove that Cleveland had a propensity for violence, but offered the evidence to show: (1) he acted with knowledge and intent when he used threats of violence to compel A.W.'s compliance, and (2) A.W., without consent, acquiesced to his demands because she reasonably feared for her safety. In response, Cleveland argued the other-act evidence was irrelevant, dissimilar, and unfairly prejudicial.

**¶14** After a hearing on the motion, the superior court found the State had failed to prove by clear and convincing evidence that Cleveland either strangled A.W. in 2012 or committed various acts of harassment against her in June 2016. Finding the State had presented clear and convincing evidence that Cleveland strangled A.W. in 2013 (substantiated by Cleveland's guilty plea for the offense), however, the court further found that: (1) the State offered the evidence for a proper purpose (to show A.W.'s state of mind when responding to Cleveland on the evening at issue), (2) the evidence was relevant, and (3) the probative value of the evidence was not substantially outweighed by unfair prejudice. Accordingly, the court allowed A.W. to testify regarding the 2013 incident.

¶15        During her direct examination, A.W. testified that she and Cleveland had an argument in early 2013 and, as part of that altercation, Cleveland strangled her.  On cross-examination, defense counsel attempted to rebut the State's suggestion that A.W. had lingering fear of Cleveland from the 2013 assault by eliciting A.W.'s admission that she had consensual sex with Cleveland as recently as late May or early June 2016.  In rebuttal, the State again sought to present evidence that Cleveland had engaged in harassing behavior in June 2016, arguing defense counsel had implied through his cross-examination that no intervening events occurred between A.W.'s consensual sexual activity with Cleveland and the underlying offenses.

¶16        At that point, outside the presence of the jury, the prosecutor questioned A.W. about her interactions with Cleveland in May and June 2016.  After hearing A.W.'s direct testimony that Cleveland had accosted her, broke her car door handle, and left harassing notes on her car, the superior court revised its prior ruling and found the State had proven by clear and convincing evidence that Cleveland committed those other acts in June 2016.  The court further found that: (1) the State offered the evidence for the proper purpose of explaining A.W.'s state of mind, (2) the evidence was relevant, and (3) the evidence was probative.

¶17        Arizona Rule of Evidence 404 governs the admission of character and "other act" evidence.  In general, "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person . . . ." Ariz. R. Evid. 404(b).  Other-act evidence may be admissible for non-propensity purposes, however, such as showing "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id*.

¶18        Before admitting other-act evidence, the court must find: (1) the evidence is relevant under Rule 402, (2) the evidence is offered for a proper purpose under Rule 404(b), (3) the probative value of the evidence is not substantially outweighed by the potential for unfair prejudice under Rule 403, and (4) there is clear and convincing evidence that the defendant committed the other act.  *State v. Mott*, 187 Ariz. 536, 545 (1997); *State v. Terrazas*, 189 Ariz. 580, 584 (1997); *see* Ariz. R. Evid. 402, 403, 404(b).  Upon admission, and if requested, the court must also provide an appropriate limiting instruction under Rule 105.  Ariz. R. Evid. 105; *State v. Mott*, 187 Ariz. at 545.

¶19        On appeal, Cleveland does not challenge the sufficiency of the evidence proving that he committed the other acts. He also does not dispute that the superior court provided the jury with an appropriate limiting instruction. Instead, Cleveland argues that the other-act evidence: (1) failed to "meet any exception under Rule 404(b)" and therefore "amounted to inadmissible propensity evidence," (2) was irrelevant, and (3) was unfairly prejudicial.

¶20        Contrary to Cleveland's assertion, the list of "other purposes" set forth in Rule 404(b) is "not exclusive," and evidence of other acts is admissible when "relevant for any purpose other than that of showing the defendant's criminal propensities. . . ." Ariz. R. Evid. 404(b); *State v. Jeffers*, 135 Ariz. 404, 417 (1983). In this case, the State argued that Cleveland engaged in a pattern of violent behavior to intimidate and control A.W. and, as a result, she complied with his demands because she knew "what could happen if she resist[ed]." Consistent with this argument, A.W. testified that she feared violence if she refused Cleveland's sexual advances, so she acquiesced. Because the State used the other-act evidence to explain A.W.'s state of mind and provide context for her compliance, rather than to show that Cleveland is a violent person, it was offered for a proper purpose under Rule 404(b). Ariz. R. Evid. 404(b); *see State v. Schackart*, 153 Ariz. 422, 424 (App. 1987) (holding "prior bad acts" that "all involved the victim" were "relevant to the victim's state of mind" and to rebut the defense "of consent on the part of the victim"); *see also State v. Williams*, 183 Ariz. 368, 376 (1995) ("Evidence which tests, sustains, or impeaches the credibility or character of a witness is generally admissible, even if it refers to a defendant's prior bad acts.") (quotations omitted).

¶21        Likewise, Cleveland's relevance and prejudice arguments are unavailing. Relevant evidence is admissible unless it is otherwise precluded by the federal or state constitution, an applicable statute, or rule. Ariz. R. Evid. 402. Evidence is relevant if it has "any tendency" to make a fact of consequence in determining the action "more or less probable than it would be without the evidence." Ariz. R. Evid. 401. Nonetheless, even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice. . . ." Ariz. R. Evid. 403.

¶22        Applying these rules here, the other-act evidence tended to make it more probable that A.W. did not consent to Cleveland's demands, but instead complied with his requests to avoid harm. Although this evidence undermined Cleveland's consent defense, it did not suggest that the jury should decide the matter on an improper basis. *See Mott*, 187 Ariz. at 545-46 (explaining "[n]ot all harmful evidence" is unfairly prejudicial,

only evidence that "has an undue tendency to suggest [a] decision on an improper basis, such as emotion, sympathy, or horror"). Therefore, the superior court did not abuse its discretion by admitting the other-act evidence.

## II.    Sufficiency of the Evidence

¶23        Arguing insufficient evidence supports his convictions for sexual assault, Cleveland contends the superior court erroneously denied his motion for judgment of acquittal as to those counts.

¶24        We review *de novo* a superior court's ruling on an Arizona Criminal Procedure Rule 20 motion for judgment of acquittal. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at ¶ 16 (quotations omitted). In reviewing the sufficiency of the evidence, we test the evidence "against the statutorily required elements of the offense," *State v. Pena*, 209 Ariz. 503, 505, ¶ 8 (App. 2005), and neither reweigh conflicting evidence nor assess the credibility of witnesses, *see Buccheri-Bianca*, 233 Ariz. 324, 334, ¶ 38 (App. 2013). Sufficient evidence upon which a reasonable jury can convict may be direct or circumstantial, *West*, 226 Ariz. at 562, ¶ 16, and a judgment of acquittal is appropriate only when "there is no substantial evidence to support a conviction," Ariz. R. Crim. P. 20(a).

¶25        As set forth in A.R.S. § 13-1406(A) (2010), "[a] person commits sexual assault by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person without consent of such person."

¶26        At trial, A.W. testified that on the night in question, Cleveland held a knife to her neck, pointed a gun to her forehead, and threatened that he was going to show her "how much he [wa]s not playing." In response, A.W. spent most of the evening trying to placate him, but when Cleveland asked her for sex, she verbally refused. Angered by this resistance, Cleveland grabbed A.W. by her hair, told her she could not refuse him, and then "forced" her to perform oral sex on him. When asked why she did not physically resist the ensuing sexual activity, A.W. testified that she complied with Cleveland's demands because she feared violence if she refused.

¶27        Cleveland does not dispute that he intentionally and knowingly engaged in four acts of sexual intercourse and oral sexual contact with A.W. on July 4, 2016. Rather, he challenges only the sufficiency

of the evidence that A.W. did not consent to this activity. Although A.W. ultimately complied with Cleveland's demands, she unambiguously testified that she initially refused verbally. Equally important, the entire evening was fraught with threats of violence. Given these facts, the State presented sufficient, substantial evidence from which a reasonable jury could find that Cleveland engaged in four acts of sexual intercourse and oral sexual contact with A.W. without her consent. Therefore, on this record, the superior court did not err by denying the motion for judgment of acquittal as to those counts.

### III.    Failure to Sever Charges

**¶28**          Cleveland contends the superior court erred by failing to *sua sponte* sever the count of aggravated domestic violence (Count 1) from the other charges. Citing *State v. Burns*, 237 Ariz. 1 (2015), he asserts joinder of the charges deprived him of his right to a fair trial because Count 1 required proof of his two prior domestic violence convictions, evidence he argues would not have been otherwise admissible at a separate trial on the remaining counts. On the eve of trial, Cleveland moved to sever only the count of misconduct involving weapons (Count 10) from the other charges, which the superior court granted. Because Cleveland failed to request severance of Count 1 in the superior court, the claim is waived. *See* Ariz. R. Crim. P. 13.4(c) ("A defendant must move to sever at least 20 days before trial or as the court otherwise orders. . . . The right to severance is waived if the defendant fails to timely file and renew a proper motion for severance."). Further, because Cleveland does not assert or request fundamental error review, we could decline to reach the merits of his claim. *See State v. Flythe*, 219 Ariz. 117, 120, ¶¶ 10-11 (App. 2008).

**¶29**          However, even under fundamental error analysis, the claim fails. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005). Under this standard of review, a defendant bears the burden of proving both fundamental error and resulting prejudice. *Id*. at ¶ 20.

**¶30**          As set forth in Rule 13.3, the State may join two or more offenses when they "are based on the same conduct or are otherwise connected together in their commission. . . ." Ariz. R. Crim. P. 13.3(a)(2). In other words, "[j]oinder is permitted if separate crimes arise from a series of connected acts and are provable by overlapping evidence." *Burns*, 237 Ariz. at 14, ¶ 32 (citations omitted).

¶31        Applying Rule 13.3 to these facts, Count 1 was properly joined with the other counts because the charges all arose from the same conduct, a single domestic dispute. That is, Cleveland committed Count 1 when, having previously been convicted of two domestic violence offenses within the preceding eighty-four-month period, he knowingly disobeyed a court order and contacted, kidnapped, and assaulted A.W. *See* A.R.S. §§ 13-2810, -3601.02 (2010); *see also State v. Prince*, 204 Ariz. 156, 160, ¶ 17 (2003).

¶32        Because the offenses were properly joined under Rule 13.3(a)(2), the superior court was required to sever the charges only "if necessary to promote a fair determination of any defendant's guilt or innocence of any offense. . . ." Ariz. R. Crim. P. 13.4(a); see Ariz. R. Crim. P. 13.3(a)(2). To succeed in challenging the denial of severance, Cleveland "must demonstrate compelling prejudice against which the [superior] court was unable to protect." *Prince*, 204 Ariz. at 159, ¶ 13.

¶33        In this case, Cleveland primarily defended the charges by alleging A.W. consented to the underlying activity. Because the charges were all connected and Cleveland's prior acts of domestic violence against A.W. provided context for her submission to his demands on the evening in question, joinder of the counts properly placed before the jury the relevant evidence regarding Cleveland's knowledge and intent, and A.W.'s state of mind. Thus joinder, not severance, promoted a fair determination of the offenses.

¶34        Furthermore, contrary to Cleveland's contentions, *Burns* is inapposite. In that case, the felony burglaries underlying the defendant's misconduct-involving-weapons charge bore "no connection" to and would not have been otherwise admissible in his trial for kidnapping, sexual assault, and first-degree murder against another victim. *Burns*, 237 Ariz. at 14, ¶¶ 34-36. In contrast, had Count 1 been severed in this case, the domestic violence underlying Cleveland's prior convictions would have been nonetheless admissible to refute Cleveland's defense of consent. Unlike *Burns*, this constitutes "an appropriate factual nexus" between Cleveland's prior domestic violence convictions and his current charges. *Id.* at 15, ¶ 39. Therefore, the superior court did not err, much less commit fundamental, prejudicial error, by failing to *sua sponte* sever Count 1 from the other charges.

## CONCLUSION

¶35      For the foregoing reasons, we affirm the convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED: AA