NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

HARRY P. DOMAS, *Appellant*.

No. 1 CA-CR 20-0386
FILED 2-18-2021

Appeal from the Superior Court in Maricopa County
No. LC2019-111371-001
The Honorable Douglas Gerlach, Judge, *Retired*

**SPECIAL ACTION JURISDICTION DECLINED;
APPEAL DISMISSED FOR LACK OF JURISDICTION**

COUNSEL

Peoria City Attorney's Office, Peoria
By Michael Dynes
*Counsel for Appellee*

Harry P. Domas, Concho
*Appellant*

**MEMORANDUM DECISION**

Presiding Judge David B. Gass delivered the decision of the Court, in which
Judge Michael J. Brown and Judge David D. Weinzweig joined.

**G A S S**, Judge:

¶1  The City of Peoria charged Harry P. Domas with assault, criminal damage, and disorderly conduct after an altercation with his neighbor. The Arrowhead Justice Court convicted Domas on all three counts. On appeal, the superior court affirmed his convictions. Domas now appeals to this court, challenging the sufficiency and veracity of the evidence against him.[1]

¶2  This court has "an independent duty to determine [its] jurisdiction to consider an appeal." *See State v. Kalauli*, 243 Ariz. 521, 523, ¶ 4 (App. 2018). A criminal defendant "may appeal as prescribed by law and in the manner provided by the rules of criminal procedure." *See* A.R.S. § 13-4031. When, as here, a case arising in a justice court is then appealed to the superior court, our jurisdiction is limited "to determining the facial validity of" the applicable statutes. *See State v. Lindner*, 227 Ariz. 69, 70, ¶ 2 (App. 2010) (citing A.R.S. § 22-375). Because Domas raises no such challenge, this court has no jurisdiction over his appeal. *See* A.R.S. § 22-375.B; Ariz. R. Crim. P. 31.1(a)(1); Super. Ct. R. Crim. App. Proc. 13(b).

¶3  "Although we do not have appellate jurisdiction to review this issue, it is within our discretion to consider the matter as a special action." *State v. Perez*, 172 Ariz. 290, 292 (App. 1992). But Domas has made no such request, and we conclude his appeal raises no "matters of statewide importance, issues of first impression, . . . purely legal questions, or issues that are likely to arise again." *See Prosise v. Kottke*, 249 Ariz. 75, 77, ¶ 10 (App. 2020) (quotation omitted); *see also* Ariz. R.P. Spec. Act. 1(a).

¶4  Accordingly, we decline to accept special action jurisdiction and dismiss Domas's appeal for lack of appellate jurisdiction.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[1] On January 22, 2021, Domas filed a motion to supplement the record on appeal. We deny the motion as moot.