540 P.2d 148

The STATE of Arizona, Petitioner,

v.

Honorable Jack T. ARNOLD, Judge of the Superior Court of Pima County, Arizona, Respondent,

Michael Lawrence NORMAN, Real Party in Interest.

No. 2 CA–CIV 1958.

Court of Appeals of Arizona, Division 2.

Sept. 17, 1975.

As Amended Oct. 30, 1975.

Dennis DeConcini, Pima County Atty. by Frank W. Frey, Deputy County Atty., Tucson, for petitioner.

Flynn, Kimerer, Thinnes, Derrick & Lindholm by John J. Flynn, Michael D. Kimerer and Clark L. Derrick, Phoenix, for respondent and real party in interest.

## OPINION

HOWARD, Chief Judge.

This special action by the State questions the correctness of the respondent court's ruling with respect to allowing the real party in interest to be released on bail pending the hearing on a petition to revoke his probation. It appearing that the trial court abused its discretion and the State has no remedy by appeal, we assume jurisdiction.

On June 6, 1973, Mr. Norman was convicted of armed robbery and sentenced to five years' probation. On August 5, 1975, a petition to revoke his probation was filed[1] and a warrant for his arrest issued. On August 6 the initial hearing on the revocation petition was held and bail was set in the amount of $10,000.00. Pursuant to Norman's request, the violation hearing was set beyond the time requirement of Rule 27.7(a), Rules of Criminal Procedure, 17 A.R.S. to November 11, 1975.

The State's position is that Norman was not entitled to release on bail and we agree. Rule 27.6 provides that at the initial appearance of a probationer after his arrest, a release determination under Rule 7.2(b) shall be made.

Rule 7.2(b) provides for the right to release after conviction:

"b. After Conviction. After a person has been convicted of any offense for which he has or may suffer a sentence of imprisonment, he shall not be released on bail or on his own recognizance unless it is established that there are reasonable grounds to believe that the conviction may be set aside on a motion for new trial, reversed on appeal, or vacated in any post-conviction proceeding. The release of a person pending appeal shall be revoked if he fails to prosecute his appeal diligently."

The mandate of the rule is clear, i. e., no release on bail unless certain requirements are met. Norman had the burden of establishing that he satisfied those requirements. Rule 7.2(c). This he did not do and therefore the respondent court could not ignore the mandate of the rule. Therefore, Norman should not have been released on bail.

The order setting bond is vacated and the respondent court is directed to hold Norman without bond until disposition of the petition to revoke his probation.

HATHAWAY, J., concurs.

---

1. The petition alleged failure to comply with conditions of probation in that Norman had been indicted for federal offenses.

NOTE: Pursuant to stipulation in open court by counsel, this cause was submitted to and decided by two judges.