672 P.2d 956

The STATE of Arizona, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF PIMA, and the Honorable Joseph M. Livermore, Judge Pro Tempore, Respondent,

and

Arturo COCIO, Real Party in Interest.

No. 2 CA–CIV 4815.

Court of Appeals of Arizona, Division 2.

June 1, 1983.

Rehearing Denied Oct. 24, 1983.

Review Denied Dec. 6, 1983.

Stephen D. Neely, Pima County Atty. by Kenneth J. Peasley, Deputy County Atty., Tucson, for petitioner.

Alyce Pennington-Hansen, Tucson, for real party in interest.

## OPINION

HATHAWAY, Judge.

The state brought this special action to challenge the trial court's denial of its motion pursuant to Rule 7.2(b), Arizona Rules of Criminal Procedure, 17 A.R.S., to have the real party in interest taken into custody and held without bond pending sentencing. Because the state was without a remedy by appeal and because we believed the trial court exceeded its jurisdiction in denying the motion, we ordered that the real party in interest be taken into custody pending sentencing, with this opinion following to supplement that order.

The real party in interest was found guilty by a jury on April 27, 1983, of second-degree burglary, attempted second-degree burglary and theft of property with a value of more than $100. The court found the allegation of a prior conviction to be true.

The state thereupon moved pursuant to Rule 7.2(b), which provides:

"b. After Conviction. After a person has been convicted of any offense for which he has or may suffer a sentence of imprisonment, he shall not be released on bail or on his own recognizance unless it is established that there are reasonable grounds to believe that the conviction may be set aside on a motion for new trial, reversed on appeal, or vacated in any post-conviction proceeding. The release of a person pending appeal shall be revoked if he fails to prosecute his appeal diligently."

The trial court found, and an affidavit appended to the petition for special action reinforces that finding, that there were no reasonable grounds to believe the convictions might be set aside on a motion for

new trial, reversed on appeal or vacated in any post-conviction proceeding. The trial judge, in his affidavit, reasons that if no discretion exists under the rule, the person for whom incarceration is not deemed necessary or appropriate at the time of sentencing would have to be denied pre-sentence release. We first note that the instant situation is not the one which gave pause to the trial court since the real party in interest, with three felony convictions with a prior conviction, faces mandatory prison time. Additionally, the rule itself can provide for the situation which the trial court desires.

 The rule clearly bars release on bail unless certain requirements are met. *State v. Arnold,* 24 Ariz.App. 529, 540 P.2d 148 (1975). However, the mandate of the rule, that is the prohibition on release, is only to be applied to those persons convicted of any offense "for which he has or may suffer a sentence of imprisonment, ..." If, upon conviction, the trial judge believes that the defendant will not be sentenced to prison, the rule does not come into play.

 The real party in interest argues that the rule refers to a time "after conviction" when a judgment of conviction and the sentence are imposed and only then is the rule in effect. The term "conviction" means a verdict of guilty or a plea of guilty and sometimes includes the judgment, but the use of the word is not always uniform, rather it depends upon the construction of the particular law or statute under consideration. *Summerour v. Cartrett,* 220 Ga. 31, 136 S.E.2d 724 (1964). The popular meaning of the term conviction refers to the time when a person has been found guilty or has plead guilty even though there has been no sentence or judgment by the court. *Padilla v. State,* 90 N.M. 664, 568 P.2d 190 (1977); *Buckner v. State,* 11 Md. App. 55, 272 A.2d 828 (1971); *Commonwealth v. Greer,* 215 Pa.Super. 66, 257 A.2d 317 (1969); *State v. Vincent,* 25 Conn.Sup. 96, 197 A.2d 79 (1961).

In the Arizona Rules of Criminal Procedure, effective April 17, 1973, "conviction" is not defined. However, the definition of "determination of guilt," Rule 26.1(c), very closely follows the definition of "conviction" contained in former Rule 306 which read:

"The term conviction as used in these Rules means the final acceptance of a plea of guilty or the finding by the jurors or by the court that the defendant is guilty."

It would appear, then, that Arizona has subscribed to the popular meaning of the word conviction as have those jurisdictions cited above and its use in Rule 7.2(b) must refer to a time period prior to sentencing. Also, the rule allows release where the court believes the conviction may be set aside on a motion for new trial. A motion for new trial must be filed within 10 days after the verdict has been rendered, Rule 24.1(b), and in most cases this period would expire before sentencing has been accomplished. Rule 26.3(a). Therefore, the rule must be referring to a pre-sentencing stage when it refers to "after conviction."

When read together with Rule 26.2(b), it is clear that conviction and determination of guilt are referring to the same stage of the proceedings and are to be differentiated from the later time when judgment is pronounced and entered together with the sentence. That later time is the formal termination of the proceedings and is the point at which the appeal time begins to run. Rule 31.3.

The real party in interest argues that since A.R.S. § 13–3961.01 implies that release is available before sentencing, Rule 7.2(b) must refer to post-sentencing only, or else they would conflict. A.R.S. § 13–3961.01 deals with a very limited situation where the health of a defendant sentenced to imprisonment is in question and in no way conflicts with Rule 7.2(b). The purpose of Rule 7.2(b) is to prevent a defendant who is waiting to be sentenced and who is surely going to prison, from committing further crimes during the interval. We would add that while its purpose is laudable, the rule should be changed to give the trial court discretion to continue the defendant on bond if there is a reasonable probability that the defendant will be

placed on probation. As the rule now stands, there is little leeway for the trial judge. If there is a possibility that a defendant may be sentenced to imprisonment, he cannot be released. The county jails are crowded as it is without having to house defendants who are probably going to get probation.

We hold that Rule 7.2(b) mandates that after a defendant has been determined to be guilty as defined in Rule 26.1(c), and where the court finds that the defendant may suffer a prison sentence, the defendant shall not be released on bail unless an exception contained in the rule has been established. Here, the trial judge released the real party in interest without an exception having been established and thereby exceeded his jurisdiction.

Our order that the real party in interest be taken into custody is confirmed.

HOWARD, C.J., and BIRDSALL, J., concur.