852 P.2d 401

**STATE of Arizona, Appellee,**

v.

**Morris Ray GREEN, Appellant.**

**No. CR–92–0405–PR.**

Supreme Court of Arizona,
En Banc.

April 1, 1993.

Grant Woods, Atty. Gen., Phoenix by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, Bruce M. Ferg, Tucson, for appellee.

James S. Alexander, Tucson, for appellant.

## OPINION

MOELLER, Vice Chief Justice.

### FACTS

Defendant attacked his wife at their Cochise County home, breaking her jaw and cracking her elbow. After beating her, defendant threatened to kill her. Defendant pled guilty to aggravated assault causing serious physical injury, a class three felony. The court, with the consent of the state and the defendant, placed defendant on probation and deferred further proceedings without entering a judgment of guilt, a procedure authorized by A.R.S. § 13–3601(H) for certain domestic violence felonies. Had the defendant successfully completed his probation, the same statute would have permitted dismissal of the charges.

Defendant did not successfully complete his probation. Instead, less than two months after receiving probation, defendant, while armed with a gun, attempted to kill his wife and her boyfriend in a Tucson shopping center. As a result, he was charged and convicted in Pima County of attempted first degree murder of the boyfriend and of kidnapping and attempted second degree murder of his wife. The Pima County court enhanced defendant's sentences, ruling that defendant was on probation for the earlier assault within the meaning of the applicable enhancement statute, A.R.S. § 13–604.02(A).

On appeal, the court of appeals held that section 13–3601(H), the statute under which defendant received probation for the first assault, precluded enhancement of the sentence for the second assault. After rejecting several other arguments advanced by defendant, the court of appeals affirmed defendant's convictions, but remanded for resentencing without statutory enhancement. We granted the state's petition for review limited to decide only the sentencing issue. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), A.R.S. § 12–120.24, and Ariz.R.Crim.P. 31.19.

## ISSUE PRESENTED

Whether a defendant who is on probation pursuant to A.R.S. § 13–3601(H) for a domestic violence offense is subject to enhanced punishment under A.R.S. § 13–604.-02(A) when he commits new offenses during his probationary term.

## DISCUSSION

Section 13–604.02(A) states in part:

Notwithstanding any provision of law to the contrary, a person convicted of any felony offense involving the use or exhibition of a deadly weapon or dangerous instrument ... if committed while the person is on *probation for a conviction of a felony offense* or parole, work furlough or any other release or escape from confinement for conviction of a felony offense shall be sentenced to life imprisonment....

(emphasis added).

The question in this case is whether defendant was on "probation for a conviction of a felony offense" when he was on probation pursuant to A.R.S. § 13–3601(H), which states:

If the defendant is *found guilty of an offense* included in domestic violence and if probation is otherwise available for such offense, the court may, *without entering a judgment of guilt* and with the concurrence of the prosecutor and consent of the defendant, defer further proceedings and place the defendant on probation as provided in this subsection.... On fulfillment of the terms and conditions of probation, the court shall discharge the defendant and dismiss the proceedings against the defendant.

(emphasis added).

The Arizona Rules of Criminal Procedure do not define "conviction." *State v. Superior Court (Cocio)*, 138 Ariz. 4, 6, 672 P.2d 956, 958 (App.1983). The word is susceptible of more than one meaning, and its meaning varies with the context in which it is used. *State v. Akana*, 706 P.2d 1300, 1303 (Haw.1985); *see also Meyer v. Missouri Real Estate Comm.*, 183 S.W.2d 342, 343 (Mo.App.1944). We must therefore determine from the context in which "conviction" is used in section 13–604.02(A) whether crimes committed while on probation under section 13–3601(H) are exempt from enhancement under section 13–604.02(A).

The trial court held that defendant had been convicted of aggravated assault and was on probation at the time of the second attack, even though entry of judgment had been deferred and the charges might have ultimately been dismissed if defendant had successfully completed probation. Relying on *Superior Court (Cocio)*, 138 Ariz. at 6, 672 P.2d at 958, the trial court found that the time of conviction is different than the time of entry of judgment and that the guilty plea constituted a conviction when accepted by the court. In the context of this case, we agree.

Statutes "must be construed according to the fair meaning of their terms to promote justice and effect the objects of the law...." A.R.S. § 13–104; *see also State v. Rodriguez*, 153 Ariz. 182, 186, 735 P.2d 792, 796 (1987). In the popular sense of the term, conviction means that the defendant has "been found guilty or has pleaded guilty, although there has been no sentence or judgment by the court." *State v. Vincent*, 25 Conn.Supp. 96, 197 A.2d 79, 82 (Conn.Super.1961); *Superior Court (Cocio)*, 138 Ariz. at 6, 672 P.2d at 958. Although the legislature has, at times, defined conviction as occurring after judgment has been entered, *see* A.R.S. §§ 32–701.01(2) and 32–1391(2), at other times it has, consistent with the popular meaning of the word, defined conviction as occurring after a determination of guilt is made. *See* A.R.S. § 32–572(C). Additionally, the rules of criminal procedure also suggest that a conviction generally occurs after a determination of guilt is made. Ariz.R.Crim.P. 7.2(b); *Superior Court (Cocio)*, 138 Ariz. at 6, 672 P.2d at 958 (stating that under Rule 7.2(b), conviction occurs when a determination of guilt is made); *see also* Ariz. R.Crim.P. 26.2. We believe that, in the situation at bar, the popular meaning of conviction best meets the legislative purpose behind section 13–604.02(A). As stated previously by our court of appeals:

A.R.S. § 13–604.01 [the predecessor to § 13–604.02] has as its purpose the protection of the public. A person who has been given a "break" and placed on probation or parole and is not amenable to rehabilitation through such unstructured means is not to be dealt with lightly if he fails.

*State v. Meehan,* 139 Ariz. 20, 22, 676 P.2d 654, 656 (App.1983).

A case from the United States Supreme Court discussing a similar situation supports our holding. In *Dickerson v. New Banner Inst., Inc.,* 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983), the United States Supreme Court held that a person who had pleaded guilty to a weapons charge and received probation in a state court proceeding had suffered a disqualifying conviction for purposes of 18 U.S.C. §§ 922(g) and (h),[1] even though no formal judgment of guilt had been entered. In *Dickerson,* the applicable law permitted expunction upon successful completion of probation. The Court reasoned that defendant could not have been placed on probation unless the judge accepted his plea and found defendant guilty. *Id.* at 113–14, 103 S.Ct. at 992, 74 L.Ed.2d at 854–55. The fact that no formal judgment had been entered did not change the fact that admission of guilt showed him to be a threat to society. *Id.* The purposes of the gun control statute would most effectively be met, the Court reasoned, by considering the prior disposition to be a conviction because it showed defendant to be a risk. *Id.* at 120–21, 103 S.Ct. at 996, 74 L.Ed.2d at 859.

Similarly, when the defendant in this case pled guilty to aggravated assault and received probation under A.R.S. § 13–3601(H), he demonstrated that he posed a danger to society or, at least, to some members of it. Defendant admitted his guilt. By placing defendant on probation, the trial judge accepted the fact that defendant was guilty although, under the peculiar provisions of section 13–3601(H), no formal judgment of guilt was entered. Section 13–3601(H) gave the defendant the opportunity to have the case dismissed by successfully completing probation. We believe the legislature would be surprised to learn that the statute, intended to provide a break to some persons guilty of domestic violence offenses, also provides additional leniency to them when they violate their probation and again assault their spouse. The legislature could not conceivably have intended such a bizarre result. The goals of section 13–604.02(A), of section 13–3601(H), and of common sense are best met by treating the defendant who is on probation under section 13–3601(H) the same as other probationers.

The court of appeals reached a contrary result, apparently believing that no conviction could occur until and unless defendant and the trial judge entered a judgment. However, "[t]hat there is a contingent possibility" that the court may discharge and dismiss the proceedings if the defendant does not violate probation "does not detract from the reality that" the trial court accepted the defendant's guilty plea to a class 3 felony in the first place. *State v. Arana,* 173 Ariz. 370, 371, 843 P.2d 652, 653 (1992). Treating the guilty plea as anything other than a conviction simply gives the domestic violence offender a sentencing windfall, which, as we have noted, the legislature did not intend.

### DISPOSITION

Probation for a felony granted pursuant to section 13–3601(H) is "probation for a conviction of a felony offense" within the enhancement provisions of section 13–604.-02(A). Accordingly, the trial court properly enhanced defendant's sentences and those sentences are affirmed. Because the court of appeals' opinion deals with matters in addition to those dealt with in this opinion, we vacate only that part of the court of appeals' opinion entitled "Effect of Cochise County Proceedings."

FELDMAN, C.J., and CORCORAN, ZLAKET and MARTONE, JJ., concur.

---

**1.** This statute was later amended by Pub.L. No. 99–308, § 101(5), 100 Stat. 449, 450. Whether a person has suffered a conviction is now determined by state law. *Id.*