4 P.3d 1030

**The STATE of Arizona, Petitioner,**

v.

**Oscar Alberto SAENZ, Respondent.**

**No. 2 CA–CR 99–0177–PR.**

Court of Appeals of Arizona,
Division 2, Department B.

April 6, 2000.

Review Denied Sept. 26, 2000.

Barbara LaWall, Pima County Attorney By Karl Fazio, Tucson, for Petitioner.

## OPINION

ESPINOSA, Chief Judge.

¶ 1 In this petition for review of the trial court's order granting post-conviction relief, Rule 32.9(c), Ariz. R.Crim. P., 17 A.R.S., the State of Arizona challenges the court's order granting respondent Oscar Saenz a new trial on the basis of newly discovered evidence after a jury had found him guilty of first-degree murder. Saenz has not filed a response to the petition. Because it is clear from the record that Saenz was aware of the evidence before trial but chose not to reveal it, we agree with the state that the trial court erred in granting him a new trial.

### Background

¶ 2 In December 1998, a jury found Saenz guilty of first-degree murder. The victim, M.G., was shot in February 1998 outside a Tucson bar as she and a friend were trying to get into her car. Two days before the sentencing set for January 22, 1999, however, a Nogales police detective contacted one of the Tucson police detectives who had investigated the murder and reported that a Mexican national, Jesus Lugo–Dominguez, had approached immigration authorities and confessed to the murder. The trial court vacated the sentencing hearing to permit the state to investigate the matter further. On January 25, Saenz filed a "Petition to Vacate Judgment Pursuant to Rule 24.2(a)(2) & for Post Conviction Relief Pursuant to Rule 32.1(e)." Thereafter, however, Saenz filed a "Petition to Proceed Under Rule 32.1," in which he conceded that his request for a new trial pursuant to Rule 24.1(b), Ariz. R.Crim. P., 17 A.R.S., was untimely. The state joined in that motion, and the trial court proceeded under Rule 32, with Saenz claiming that the confession was newly discovered evidence and that he was entitled to a new trial. After an evidentiary hearing on March 26, the trial court found that there was "sufficient credible newly-discovered evidence" and that, if the evidence had been introduced at trial, "the jury could have found otherwise than the verdict they rendered." This petition for review followed. We conclude that the trial court erred in granting relief for several reasons.

### Discussion

¶ 3 First, the issue is not one Saenz could properly raise in a petition for post-conviction relief filed at this stage of his criminal proceeding. Saenz sought relief pursuant to Rule 32.1(a), which provides that a

> person who has been convicted of, or sentenced for, a criminal offense may ... institute a proceeding to secure appropriate relief on any of the following grounds:
>   a. The conviction or the sentence was in violation of the Constitution of the United States or of the State of Arizona.

Saenz, however, has not been convicted or sentenced as contemplated by the rule.

¶ 4 As our supreme court noted in *State v. Green*, 174 Ariz. 586, 587, 852 P.2d 401, 402 (1993), the criminal rules of this state do not define the term "conviction"; "[t]he word is susceptible of more than one meaning, and its meaning varies with the context in which it is used." The meaning of the word "depends upon the construction of the particular law or statute under consideration." *State v. Superior Court*, 138 Ariz. 4, 6, 672 P.2d 956, 958 (1983). *See, e.g., State v. Williams*, 131 Ariz. 211, 639 P.2d 1036 (1982) (finding doctrine of collateral estoppel inapplicable because denial of petition to revoke probation not a judgment under Rule 26.1, Ariz. R.Crim. P., 17 A.R.S.); *State v. Heart-*

*field,* 316 Ariz. Adv. Rep. 22, 196 Ariz. 407, 998 P.2d 1080 (Ariz.App.2000) (verdict of guilty except insane not a conviction for purposes of restitution statutes).

■ ¶ 5 Rule 32 contemplates that all claims related both to the finding of guilt and the sentence(s) imposed, other than claims that may be raised on appeal, are to be raised in one petition as part of one post-conviction proceeding. *See* Ariz. R.Crim. P. 32.1 cmt.; *see also* Ariz. R.Crim. P. 32.2 (claims not raised in previous proceedings or raisable on appeal are precluded). And, perhaps more significantly, the rule expressly provides that post-conviction proceedings may be commenced by filing a notice in a non-capital case "within ninety days of the entry of judgment and sentence." Ariz. R.Crim. P. 32.4(a); *accord* A.R.S. § 13–4033(A)(1) (recognizing that defendant may appeal from "[a] final judgment of conviction or verdict of guilty except insane"); Ariz. R.Crim. P. 26.1 and 26.2 (defining judgment and sentence and setting forth time for entry of same upon a finding of guilt); *State v. Perez,* 172 Ariz. 290, 836 P.2d 1000 (1992) (court of appeals lacked jurisdiction under § 13–4033 to review imposition of felony assessment penalty absent entry of judgment of conviction). Thus, for purposes of determining when a petition for post-conviction relief may be filed, a guilty verdict is not a conviction.

■ ¶ 6 The petition for post-conviction relief was premature. Further, although Rule 24.1 permits a defendant who has been found guilty to seek a new trial based on the verdict, as Saenz conceded below, such a motion must be filed no later than ten days *after the verdict is rendered.* Ariz. R.Crim. P. 24.1(b). Saenz filed his petition seeking a new trial on January 25, 1999, thirty-eight days after the verdict was rendered on December 17, 1998. Nor could he have proceeded under Rule 24.2 because a judgment of conviction and sentence had not yet been entered. Like the petition for post-conviction relief, a motion to vacate the judgment would also have been premature.

■ ¶ 7 Even assuming, however, that the trial court could have addressed the is-

sues in a post-conviction proceeding under Rule 32,[1] the court abused its discretion in granting relief. *See State v. Serna,* 167 Ariz. 373, 807 P.2d 1109 (1991) (whether to grant a defendant a new trial based on newly discovered evidence is for trial court to decide in exercise of its discretion); *State v. Watton,* 164 Ariz. 323, 793 P.2d 80 (1990) (reviewing court will not disturb trial court's decision to grant or deny post-conviction relief unless trial court clearly abused its discretion). In order to be entitled to post-conviction relief on the ground of newly discovered evidence under Rule 32.1(e), a defendant must establish that the evidence was discovered after trial although it existed before trial; that it could not have been discovered and produced at trial through reasonable diligence; that it is neither cumulative nor impeaching; that it is material; and that it probably would have changed the verdict. *State v. Mauro,* 159 Ariz. 186, 766 P.2d 59 (1988); *see also State v. Apelt,* 176 Ariz. 349, 861 P.2d 634 (1993). As with all grounds for post-conviction relief, the defendant has the burden of proving the allegations in the petition by a preponderance of the evidence. Ariz. R.Crim. P. 32.8(c); *State v. Verdugo,* 183 Ariz. 135, 901 P.2d 1165 (1995).

■ ¶ 8 The state contends that the trial court abused its discretion in granting Saenz a new trial because (1) Saenz did not present any evidence that he had discovered Lugo–Dominguez's alleged confession after trial; (2) Saenz did not act with due diligence in bringing the confession to his attorney's attention before trial; (3) Saenz did not sustain his burden of establishing by a preponderance of the evidence that the confession probably would have changed the verdict; and (4) the trial court applied a lower burden for this part of the test for newly discovered evidence. Because we agree with the state's first two arguments, we necessarily conclude that the confession was not newly discovered evidence as contemplated by Rule 32.

¶ 9 Maria Lugo–Dominguez testified at the evidentiary hearing that her brother, Jesus Lugo–Dominguez, had told her in March 1998 that he had committed a murder in

---

1. We may, in our discretion, properly address the merits of this petition for review by regarding the petition as one for special action relief. *Cf. Perez.*

Tucson, giving her details as to how and where he had killed the victim. She claimed she had learned from reading the newspaper that another man had been charged with the murder and was in jail. She testified that she did not know the man, whom she identified as Saenz, and explained that she had learned his name from the newspaper articles. She stated she had traveled to Tucson and gone to the jail to see Saenz in April, June, and July 1998 and had told him her brother had confessed to her. She added that Saenz had asked her to persuade her brother to turn himself in to authorities. She testified that, by the time of her second visit, her brother had disappeared and she did not know where he was, all of which she claimed to have told Saenz.

¶ 10 Tucson Police Detective Olivas testified that, in January 1999, he had been contacted by Detective Weatherbie from Nogales, Arizona, who had told him that someone in Nogales had confessed to a Tucson murder.[2] Olivas went to Nogales and spoke to Lugo–Dominguez who stated he had committed the February 1998 murder, although there were inconsistencies between the account he had previously given Weatherbie and what he had told Olivas. Lugo–Dominguez was then being held by authorities in Nogales pending a deportation proceeding. On January 28, Olivas and the prosecutor interviewed Lugo–Dominguez in the Pima County Jail. At that time, he recanted his confession. He also said that Maria Lugo–Dominguez was married to Saenz and that Saenz was his brother-in-law. According to Olivas, when asked if he had been paid to confess falsely, Lugo–Dominguez stated that he "did it for his family" and that he would so testify before the trial court as long as Saenz was not present.

¶ 11 In addition to this evidence, the trial court had before it the deposition of Lugo–Dominguez, taken before the January 28 interview. Although we have not been provided with a transcript of that deposition, Lugo–Dominguez apparently made statements that

conflicted with the previous statements and invoked his Fifth Amendment rights as to a substantial portion of the questions proposed. He did admit he had spoken to authorities in Nogales in January about the murder, telling them that he had been at the bar on the night of the murder but that he had not known the victim. He denied knowing Saenz or his family. The trial court also received in evidence Pima County jail visitation slips showing that Maria Lugo–Dominguez had identified herself as Saenz's wife on each of her three visits and, on one, had identified an apparently accompanying child as Saenz's son.

¶ 12 Defense counsel avowed to the court that he had first learned about any confession by Lugo–Dominguez on the day Saenz was to be sentenced or, at the earliest, a few days before when he had heard "some rumblings about it." The state concedes that counsel did not know about the confessions until the day set for the sentencing hearing but contends that, because Saenz clearly knew about Lugo–Dominguez's alleged confession before trial, the evidence cannot be newly discovered. We agree.

■ ¶ 13 At the outset, we note our supreme court's admonition that requests for a new trial based on newly discovered evidence are disfavored and should be granted cautiously. Serna. Evidence is not newly discovered unless it was unknown to the trial court, the defendant, or counsel at the time of trial and neither the defendant nor counsel could have known about its existence by the exercise of due diligence. *See State v. Jeffers,* 135 Ariz. 404, 661 P.2d 1105 (1983); *State v. Yanich,* 110 Ariz. 172, 516 P.2d 308 (1973); *see generally Correll v. State,* 698 So.2d 522 (Fla.1997). "Evidence known to the defendant is not newly discovered, even if it is not known to his counsel." *Commonwealth v. Osorno,* 30 Mass.App.Ct. 327, 568 N.E.2d 627, 631 (1991); *see also United States v. Luna,* 94 F.3d 1156 (8th Cir.1996) (defendant failed to exercise due diligence

---

2. Lugo–Dominguez apparently confessed to a border patrol agent and then to Detective Weatherbie of the Nogales Police Department on January 19, 1999. Later that day, he confessed to Detective Olivas, although his version of what

had taken place was somewhat different than what he had told Detective Weatherbie. Thereafter, pursuant to the trial court's order, Lugo–Dominguez was deposed.

because she knew about evidence and chose not to tell counsel about it before trial); *Stemple v. State*, 352 So.2d 33, 37 (Ala.Crim. App.1977) ("Evidence is not newly discovered where the accused knew of it but did not mention it to counsel."). As the New Mexico Supreme Court has observed, "It would work havoc on the system if we held that information possessed by the defendant during the trial is 'newly-discovered' when revealed by him after the trial." *State v. Mabry*, 96 N.M. 317, 630 P.2d 269, 275 (1981).

¶ 14 It is undisputed that Saenz knew Lugo–Dominguez had allegedly confessed to the murder well before trial. He did nothing to bring the evidence forward, allowing the trial to proceed instead. As the prosecutor pointed out at the evidentiary hearing in response to defense counsel's claim that there was nothing to bring forward until Lugo–Dominguez was detained in January and confessed to authorities, had Saenz told his counsel and had the prosecutor been alerted, efforts could have been made before trial to locate Lugo–Dominguez. The prosecutor specifically noted that Maria Lugo–Dominguez had provided an address to jail authorities each time she had visited Saenz, a lead that could have been followed. "[W]here a defendant knows of the existence and identity of a witness before trial and makes no effort to obtain the witness' testimony, such testimony will not ordinarily justify a new trial." *Jeffers*, 135 Ariz. at 427, 661 P.2d at 1128; *see also State v. Jones*, 125 Ariz. 417, 610 P.2d 51 (1980); *State v. Anderson*, 17 Ariz.App. 555, 499 P.2d 169 (1972). For it to be considered newly discovered, evidence "must truly be newly discovered, i.e., discovered after the trial." *Jeffers*, 135 Ariz. at 426, 661 P.2d at 1127.

¶ 15 In view of our conclusion that Lugo–Dominguez's confession was not newly discovered evidence for purposes of post-conviction relief, we need not address the state's remaining arguments that the evidence would have had no effect on the jury's guilty verdict in light of the overwhelming evidence of Saenz's guilt presented at trial and that the trial court applied an improper burden of proof.

## Disposition

¶ 16 The petition for review is granted, and relief is granted. The trial court's order of March 26, 1999, granting Saenz a new trial is vacated, and this matter is remanded for further proceedings.

CONCURRING: J. WILLIAM BRAMMER, JR., Presiding Judge, and JOSEPH W. HOWARD, Judge.