NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

BRIAN KEITH STALLINGS, *Petitioner.*

No. 1 CA-CR 13-0321 PRPC
FILED 12-11-2014

---

Petition for Review from the Superior Court in Maricopa County
No. CR 1991-003105
The Honorable M. Scott McCoy, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Respondent*

Brian Keith Stallings, Buckeye
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Presiding Judge Patricia K. Norris and Judge John C. Gemmill joined.

---

**W I N T H R O P**, Judge:

**¶1** Petitioner, Brian Keith Stallings ("Stallings"), seeks review of the trial court's summary dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.1. Absent an abuse of discretion or error of law, this court will not disturb a trial court's ruling on a petition for post-conviction relief. *See State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19, 278 P.3d 1276, 1280 (2012). Finding no such error, this court grants review, but denies relief.

**¶2** In 1993, Stallings pled guilty to first degree murder, armed robbery, second degree burglary, and theft. The trial court sentenced Stallings to two terms of life imprisonment without the possibility of parole until the completion of twenty-five calendar years, and two terms of twenty years' imprisonment, with all four terms to be served consecutively.

**¶3** Before the court is a petition for review from the trial court's summary dismissal of Stallings' fifth post-conviction relief proceedings. The prior post-conviction relief proceedings were summarily dismissed on June 20, 1994; May 16, 1997; April 30, 2012; and November 30, 2012. In the present proceeding, Stallings alleged in his petition for post-conviction relief that he was entitled to relief because his Fifth Amendment right against double jeopardy was violated because he was charged in a duplicitous indictment. Specifically, Stallings claimed the indictment was duplicitous because it charged first degree premeditated and felony murder in one count. He further asserted he was entitled to raise this claim in his successive petition because it was based on newly discovered evidence, *i.e.*, the indictment, which he claimed he had just obtained from the court.

**¶4** We review for an abuse of discretion the summary dismissal of a petition for post-conviction relief. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17, 146 P.3d 63, 67 (2006). There was no error by the trial court in summarily dismissing the petition for review. A claim of defect in the indictment is not a claim that is exempt from preclusion under Rule 32.2 and therefore may not be raised in a successive petition for post-conviction relief. *See* Ariz. R. Crim. P. 32.2(b). Although a claim of newly discovered evidence may be raised in a successive petition, to be entitled to post-conviction relief based on newly discovered evidence, a petitioner must show the evidence was discovered after trial although it existed before trial; the evidence could not have been discovered and produced at trial or on appeal through reasonable diligence; the evidence is neither merely cumulative nor used solely for impeachment; the evidence is material; and the evidence probably would have changed the verdict or sentence. *See*

*State v. Saenz*, 197 Ariz. 487, 489, ¶ 7, 4 P.3d 1030, 1032 (App. 2000); *see also* Ariz. R. Crim. P. 32.1(e). As the trial court correctly observed in dismissing the petition, Stallings presented no support as to why the claimed "new evidence" could not have been discovered earlier through reasonable diligence.

**¶5**       Moreover, even if Stallings had made an adequate showing of newly discovered evidence to avoid preclusion under Rule 32.2, he still would not be entitled to relief based on his claim of a defective indictment. Contrary to his contention, including charges of first degree premeditated murder and felony murder in a single count does not make the indictment duplicitous. Premeditated murder and felony murder are not separate offenses; rather, they are simply two forms of the same offense. *State v. Tucker*, 205 Ariz. 157, 167, ¶ 50, 68 P.3d 110, 120 (2003). In addition, by pleading guilty, Stallings waived all non-jurisdictional defenses, including any and all defenses, errors, and defects that occurred prior to the plea. *See State v. Quick*, 177 Ariz. 314, 316, 868 P.2d 327, 329 (App. 1993). The waiver of non-jurisdictional defects includes deprivations of constitutional rights. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

**¶6**       Based on the foregoing, we grant review of the petition, but deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: gsh