NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

SHANE AVINGTON, *Petitioner*.

No. 1 CA-CR 14-0775 PRPC
FILED 1-10-2017

Petition for Review from the Superior Court in Maricopa County
No.  CR2005-034814-001
CR2005-121081-001
The Honorable Crane McClennen, Judge, *Retired*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Law Office of Harriette P. Levitt, Tucson
By Harriette P. Levitt
*Counsel for Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen, Judge Margaret H. Downie and Chief Judge Michael J. Brown delivered the decision of the court.

**PER CURIAM**:

**¶1**        Shane Avington petitions for review of the superior court's summary dismissal of his successive petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2**        In 2006, Avington was convicted of one count of aggravated assault with three prior felony convictions in Maricopa County Superior Court Cause No. CR2005-121081-001 and a second count of aggravated assault with three prior felony convictions in Maricopa County Superior Court Cause No. CR2005-034814-001. The superior court sentenced him as a repetitive offender to consecutive, aggravated 15-year prison terms. The convictions and sentences were affirmed on appeal. *State v. Avington*, 1 CA-CR 06-0583, 2007 WL 5248859 (Ariz. App. Dec. 20, 2007) (mem. decision); *State v. Avington*, 1 CA-CR 06-0584, 2008 WL 3864071 (Ariz. App. Mar. 20, 2008) (mem. decision).

**¶3**        Avington timely filed for post-conviction relief in the two cases, raising claims of ineffective assistance of trial counsel, prosecutorial misconduct and disproportionate sentences. The superior court summarily dismissed the petitions, and this court denied review.

**¶4**        In 2014, Avington filed a pair of successive petitions for post-conviction relief, alleging that recently obtained medical information was newly discovered evidence relevant to his sentences. Specifically, he asserted that in 2011 he was diagnosed with post-traumatic stress disorder and that a causal connection exists between this diagnosis and the assaultive behavior that gave rise to his convictions. The superior court summarily denied relief based on Avington's failure to provide affidavits or other evidence to support why these facts could not have been produced at the trial phase through reasonable diligence. This petition for review followed.

**¶5**        On review, Avington argues he is entitled to an evidentiary hearing on his claim because he presented newly discovered evidence that

constitutes a significant mitigating factor that should have been considered at his sentencing. We review a superior court's ruling on a petition for post-conviction relief for abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006).

**¶6** Avington is correct that a recently discovered medical diagnosis can constitute newly discovered evidence pursuant to Arizona Rule of Criminal Procedure 32.1(e). *State v. Bilke*, 162 Ariz. 51, 53 (1989). To state a colorable claim for such relief, however, Avington was required to show the evidence existed at the time of trial but could not have been discovered through the exercise of reasonable diligence. Ariz. R. Crim. P. 32.1(e); *State v. Saenz*, 197 Ariz. 487, 489, ¶ 7 (App. 2000) (evidence not newly discovered unless "it could not have been discovered and produced at trial through reasonable diligence").

**¶7** In support of his contention that his diagnosis could not have been discovered earlier, Avington argues he did not learn of his mental illness until 2011. But that does not establish that his diagnosis could not have been discovered before trial through the exercise of reasonable diligence. The psychological evaluation Avington submitted with his petition detailed a long history of childhood abuse that, according to the psychologist, caused his mental illness. The evaluator also cataloged a long list of criminal offenses, which the evaluator characterized as "years of antisocial behavior," that preceded his convictions in these cases. Avington offers no explanation why, through the exercise of reasonable diligence, his mental illness could not have been discovered prior to trial.

**¶8** Indeed, Avington suggests that his mental condition could have been discovered if his trial counsel had exercised due diligence. A claim of ineffective assistance of counsel made pursuant to Rule 32.1(a), however, cannot be raised in an untimely proceeding such as this one. Ariz. R. Crim. P. 32.4(a). Accordingly, the superior court did not abuse its discretion in summarily dismissing the petitions.

**¶9** Avington argues, however, that he should not be held accountable for the ineffective assistance of his trial counsel. Avington's argument essentially is that he recently discovered evidence his counsel should have discovered before trial. Even assuming such a claim is cognizable under Rule 32.1(e), which we do not decide, it nonetheless fails because Avington does not provide meritorious reasons why he could not have raised it in his earlier petitions for post-conviction relief. Absent such a showing, a claim raised in an untimely or successive petition is subject to summary dismissal as precluded. Ariz. R. Crim. P. 32.2(b); *see also* Ariz. R.

Crim. P. 32.2(c) ("any court on review of the record may determine and hold that an issue is precluded regardless of whether the State raises preclusion"). The superior court did not err in summarily dismissing Avington's successive petition for post-conviction relief.

¶10 For these reasons, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA