NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ANTHONY TERRANOVA, *Petitioner*.

No. 1 CA-CR 16-0404 PRPC
FILED 10-3-2017

Petition for Review from the Superior Court in Maricopa County
No. CR 1996-095002
The Honorable Daniel J. Kiley, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Anthony Terranova, Tucson
*Petitioner*

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jennifer B. Campbell joined.

**B R O W N**, Judge:

¶1        Anthony Terranova petitions this court for review from the dismissal of his petition for post-conviction relief ("PCR").   We have considered the petition for review and, for the reasons stated below, grant review but deny relief.

¶2        A jury rejected Terranova's claim of self-defense and convicted him of first-degree murder and third-degree burglary.   The superior court sentenced him to natural life in prison for the murder conviction and to a consecutive term of eight years for the burglary conviction.   This court affirmed the convictions and sentences on direct appeal.  *State v. Terranova*, 1 CA-CR 98-0805 (Ariz. App. Sep. 2, 1999) (mem. decision).

¶3        Terranova timely sought post-conviction relief, asserting claims of ineffective assistance of counsel ("IAC"), newly discovered evidence, excessive sentence, unlawful suppression of evidence, and use of perjured testimony by the State.  The superior court summarily dismissed Terranova's filing because it found no colorable claims.  Terranova did not seek review by this court.

¶4        Over 14 years later, Terranova filed a successive PCR. Asserting several claims based on "new evidence," he first argued that the State disposed of his vehicle to prevent defense experts from examining it for blood splatter evidence, which would prove the victim was shot further outside the restaurant than the State alleged at trial.  He also claimed that other blood found at the scene should have been tested for the same reason. Terranova argued that a "second man," a restaurant employee named M. Papa, witnessed the shooting, but that M. Papa "was neither on the [S]tate's list of witnesses" nor mentioned during discovery.

¶5        As additional claims of "new evidence," Terranova asserted he discovered an audiotape of witness interviews that had not been disclosed.  He argued the tape contained a statement by witness Mary Yazzie that could have been used to impeach her testimony at trial and to prove that the prosecutor had coerced her to change her testimony.  He also claimed that news footage airing shortly after the murder included an interview with police in which statements were made that were inconsistent with the State's theory that the victim was inside the restaurant when the shooting occurred.  He further argued that an independent emergency medical technician's report supported his claim that the victim had been shot while outside the restaurant.

¶6          Asserting prosecutorial misconduct, Terranova alleged the State committed a *Brady* violation when the prosecutor "made a deal" with his cell mate, Darren Fox, but had not disclosed the deal. He further claimed that the State had searched a witness's truck at the crime scene and might have found incriminating evidence, but may not have prosecuted the witness in exchange for the witness's testimony in Terranova's case. Next, he claimed that the character and honesty of the medical examiner, Dr. Phillip Keen, and the prosecutor, Noel Levy, had been called into question by other cases and media reports.

¶7          Terranova's PCR also included several IAC claims, some of which had already been presented in his earlier PCR. The last claim he asserted was actual innocence. Essentially, Terranova argued that but for the claimed errors outlined above, no reasonable jury would have convicted him.

¶8          The superior court addressed each of Terranova's claims and concluded they were precluded or not colorable, and summarily dismissed them. This petition for review followed.

¶9          Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). Terranova has not shown any abuse of discretion or error of law.

¶10          On review, Terranova first complains that the superior court incorrectly referred to his PCR as his "fourth" PCR. Whether identified as his second or fourth PCR, the rules and consequences of filing an untimely and successive PCR are the same. *See* Ariz. R. Crim. P. 32.2(b); *see also State v. Petty*, 225 Ariz. 369, 372-73, ¶ 10 (App. 2010).

¶11          Terranova argues the superior court improperly deemed his "Rule 32 Post Conviction Relief" a "Notice of Post-Conviction Relief," and complains that the order dismissing the PCR does not have a signature or seal "signifying the mandate was an official order by a duly sworn judge of the Superior Court of Arizona."[1] Terranova does not explain how or why this is error, nor does he cite any authority requiring or even suggesting that an order dismissing a PCR must be signed or bear an official seal, or

---

[1]          Rule 32.9 allows for a petition for review from the superior court's final decision and does not require that the order be signed, or that the order bear an official seal.

that the court erred when it referred to his PCR as "Notice of Post-Conviction Relief."

¶12 Terranova next argues the superior court erred when it dismissed his claims of prosecutorial misconduct and insufficiency of evidence as precluded because "[t]hat is what the Rule 32 process is for, to raise issues that were not raised on direct appeal." Contrary to Terranova's understanding, any claim that could have been (or was) raised on direct appeal or in an earlier PCR proceeding is precluded, except for claims raised under 32.1(d), (e)-(h). *See* Ariz. R. Crim. P. 32.2(a), (b). And for these claims, a petitioner must state in the notice of PCR why the claim was not raised before, and must set forth the specific exception. *Id.* 32.2(b). Given that requirement, only the "new evidence" claims are properly before us.

¶13 Terranova, however, has failed to show that any of the "new evidence" is material or that it would have probably changed the jury's verdict. *State v. Saenz*, 197 Ariz. 487, 489, ¶ 7 (App. 2000). Stated differently, Terranova's claims, even if true, would not entitle him to relief. Terranova admitted at trial he shot the victim twice in the back, but claimed he acted in self-defense because the victim had been carrying a knife. No knife was ever found, and the only eyewitness to the shooting testified that the victim was unarmed. The superior court ruled on these issues in a thorough, well-reasoned manner that will allow any future court to understand the court's ruling. Under these circumstances, no further analysis is needed. *See State v. Whipple*, 177 Ariz. 272, 274 (App. 1993). Therefore, we adopt the trial court's ruling and deny relief.

