NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ALVIN REX SMITH, *Appellant*.

No. 1 CA-CR 18-0270
FILED 6-20-2019

Appeal from the Superior Court in Maricopa County
No. CR2015-147024-001
The Honorable Michael D. Gordon, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

Bain & Lauritano, PLC, Glendale
By Sheri M. Lauritano
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge David D. Weinzweig joined.

---

**P E R K I N S**, Judge:

¶1        Alvin "G Money" Smith appeals the denial of his post-trial motions filed in February 2018. Smith contends the trial court committed fundamental error when it failed to rule on the combined February motions. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2        On October 25, 2017, a jury found Smith guilty of 19 counts of sex trafficking and drug-related crimes involving minors. On April 18, 2018, the court sentenced Smith to 187 years in the Department of Corrections. In addition, the court imposed four concurrent terms of probation, including two lifetime probation terms to begin at the end of Smith's incarceration.

¶3        Between the jury's October verdict and the court's entering a judgment of conviction and sentencing Smith in April, Smith filed multiple motions and petitions *in propria persona* even though he was represented by counsel. Those motions included Smith's three combined motions filed February 6, 2018, which are the only motions at issue on appeal. Smith's combined motions included a motion for new trial pursuant to Arizona Rule of Criminal Procedure ("Rule") 24.1, a Rule 24.2 motion to vacate judgment, and a Rule 32 motion for post-conviction relief.

¶4        The trial court noted on the record that it would address the combined motions and ordered the State to respond. The court then stayed that order until after Smith's mental health evaluation.

¶5        At a status conference on March 29, 2018, after the mental health evaluation, the court asked whether any motions were pending. The State said that neither of the attorneys in the case had any motions pending. Smith said nothing about the February motions and his counsel did not alert the court to the February motions. The court directed the parties to raise any overlooked motions at sentencing. Smith did not remind the court of the February motions at his subsequent sentencing and the court did not address them. Smith now appeals.

## DISCUSSION

**¶6**         We review the trial court's decision on a motion for new trial and on a motion to vacate for abuse of discretion. *State v. Parker*, 231 Ariz. 391, 408, ¶¶ 74, 78 (2013). We review the interpretation and application of court rules *de novo. State v. Fischer*, 242 Ariz. 44, 48, ¶ 10 (2017). Here, the applicable Rules of Criminal Procedure and our prior interpretations of those rules are dispositive. As to the three motions at issue in this appeal, undecided motions in the trial court are "deemed denied by operation of law." *State v. Hill*, 174 Ariz. 313, 323 (1993).

**¶7**         First, Smith's motion for a new trial pursuant to Rule 24.1 was untimely. "A party must file a motion for a new trial no later than 10 days after return of the verdict being challenged. This deadline is jurisdictional and the court may not extend it." Ariz. R. Crim. P. 24.1(b); *see also State v. Hickle*, 129 Ariz. 330, 332 (1981) (trial court lacks jurisdiction to grant defendant's motion for a new trial filed more than 10 days after jury verdict). The jury returned its verdict on October 25, 2017. Smith filed his motion for new trial on February 6, 2018, well beyond the jurisdictional 10-day period imposed by Rule 24.1(b). Thus, the trial court lacked jurisdiction to rule on Smith's motion and did not err in effectively denying that motion.

**¶8**         Second, the trial court did not err in effectively denying Smith's motion to vacate the judgment pursuant to Rule 24.2. "A party must file a motion under [Rule 24.2] no later than 60 days *after the entry of judgment and sentence . . . .*" Ariz. R. Crim. P. 24.2(b) (emphasis added).

**¶9**         "[T]he entry of judgment and sentence occurs at sentencing." *State v. Montgomery*, 233 Ariz. 341, 343, ¶ 7 (App. 2013). Therefore, if a defendant files a motion to vacate the judgment before the court has entered the judgment and sentence, then the defendant's motion is premature and cannot proceed. *See Hickle*, 129 Ariz. at 332; *State v. Saenz*, 197 Ariz. 487, 489, ¶ 6 (App. 2000) ("Nor could [defendant] have proceeded under Rule 24.2 because a judgment of conviction and sentence had not yet been entered."). Smith's Rule 24.2 motion was filed more than two months before the court entered his judgment and sentence. Thus, Smith's motion to vacate was premature.

**¶10**         Third, Smith's Rule 32 motion was also premature. Under Rule 32.4(a)(2)(D), a Rule 32 motion must be filed "no later than 90 days *after the entry of judgment and sentence* or no later than 30 days after the issuance of the order and mandate in the direct appeal, whichever is later." Ariz. R. Crim. P. 32.4(a)(2)(D) (emphasis added). If the motion is filed before

the court enters judgment and sentence, then the motion is premature and cannot proceed. *Saenz*, 197 Ariz. at 489, ¶ 5–6. Smith filed his motion *before* the entry of judgment and sentence. Accordingly, the court did not err in effectively denying Smith's February 6 Rule 32 motion.

## CONCLUSION

¶11     We affirm Smith's convictions and resulting sentences.



AMY M. WOOD • Clerk of the Court
FILED:  AA