NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DAVID HERAN AGUILAR, *Petitioner*.

No. 1 CA-CR 25-0223 PRPC

FILED 02-04-2026

Appeal from the Superior Court in Maricopa County
No. CR2023-114490-001
The Honorable Joseph S. Kiefer, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

David Heran Aguilar, Florence
*Petitioner*

Maricopa County Attorney's Office, Phoenix
By Phillip D. Garrow
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Andrew J. Becke and Judge Kent E. Cattani joined.

**T H U M M A**, Judge:

¶1          Petitioner David Aguilar seeks review of the superior court's order dismissing his first petition for post-conviction relief, filed under Arizona Rule of Criminal Procedure 33 (2026).[1] For the reasons that follow, this court grants review but denies relief.

## FACTS AND PROCEDURAL HISTORY

¶2          Aguilar has a lengthy history of felony offenses tracing back at least two decades. As applicable here, in April 2023, he was charged with possession for sale of both dangerous and narcotic drugs. In July 2023, Aguilar pled guilty to an amended count of conspiracy to commit possession of dangerous drugs for sale, a Class 2 non-dangerous, non-repetitive felony, with the State dismissing the other charge with prejudice. After a colloquy, including a factual basis Aguilar provided, the court accepted his guilty plea.

¶3          In August 2023, the court sentenced Aguilar to ten years in prison as specified in the plea agreement. At sentencing, the court notified Aguilar that he had a right to file a petition for post-conviction relief and that, to do so, he needed to file a notice within 90 days (late November 2023). At that time, Aguilar signed a receipt for a written notice of his right to seek post-conviction relief, including that deadline. Aguilar, however, did not file for post-conviction relief within 90 days of sentencing.

¶4          Instead, Aguilar waited until February 2025 to file a notice seeking post-conviction relief. He filed a second notice in March 2025, and then, in April 2025, filed a petition for DNA testing, followed by a petition for DNA testing and appointment of counsel. In these filings, Aguilar acknowledged his notice of post-conviction relief was untimely, but claimed his attorney "never showed up for my sentencing and never filed my rule 33 petition." Aguilar also claimed:  (1) his plea and sentence were unconstitutional; (2) newly discovered evidence; and (3) actual innocence. *See* Ariz. R. Crim. P. 33.1(a), (e) & (h).

¶5          In May 2025, the court dismissed his claims. It first found Aguilar's notice was "untimely by more than one year" and that he failed "to adequately explain" the delay, referencing the written notice stating the 90-day deadline provided to him at the August 2023 sentencing. The court

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

also found he failed to state a claim for relief. The court noted Aguilar was represented by counsel at sentencing, where the court imposed the prison sentence stipulated in his plea. The court also noted Aguilar did not identify any evidence that existed before trial that could qualify as newly discovered evidence. Finally, the court noted Aguilar failed to point to anything that would support his actual innocence claim. Having concluded Aguilar did not "identify any valid basis for an evidentiary hearing or to grant relief," the court then denied his request for DNA testing or appointment of counsel. Aguilar filed a timely petition seeking review by this court.

## DISCUSSION

**¶6**        This court reviews the summary denial of a post-conviction relief request for an abuse of discretion. *See State v. Bennett*, 213 Ariz. 562, 566 ¶ 17 (2006) (citing cases); *see also State v. Williams*, 258 Ariz. 53, 56 ¶10 (2024) (citing cases).

**¶7**        A petition seeking review by this court cannot expand the alleged bases for relief by seeking to assert arguments not first raised with the superior court. *See, e.g.*, A.R.S. § 13-4239(C); Ariz. R. Crim. P. 33.16(c)(2)(B); *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980). Similarly, any argument raised with the superior court but not raised in a petition seeking review by this court is waived. *See, e.g.*, *State v. McFord*, 125 Ariz. 377, 380 (App. 1980); *State v. Thompson*, 139 Ariz. 552, 554 (App. 1984); *accord* A.R.S. § 13-4239. Applying these standards, Aguilar has shown no error.

**¶8**        Aguilar first argues that the superior court should have excused his untimely notice. For his Rule 33.1(a) claim that the plea or sentence was unconstitutional, Aguilar was required to "adequately explain[] why the failure to timely file a notice was not" his fault. Ariz. R. Crim. P. 33.4(b)(3)(D). For his other claims, Aguilar was required to show he filed his notice "within a reasonable time after discovering the basis for the claim." Ariz. R. Crim. P. 33.4(b)(3)(B). In August 2023, Aguilar received written notice of the general 90-day deadline to file a notice of post-conviction relief. Yet he did not file his first notice for post-conviction relief until February 2025. Aguilar points to a June 2024 letter to his attorney, returned as undeliverable, asking if the lawyer had "filed a rule 33 on my behalf." However, June 2024 was long after the 90-day period to file had expired. And Aguilar has not explained why he then waited until February 2025 to file his first Rule 33 notice. In short, Aguilar has shown no error in the superior court's finding that his Rule 33 notices were not timely.

¶9        Although concluding Aguilar's notice was untimely, the superior court went on to address whether he asserted any actionable claim. This court will likewise address whether Aguilar asserted an actionable claim.

¶10       Under Rule 33.1(a), Aguilar argues his trial counsel was ineffective for giving him "deficient advice that . . . the state did not have to honor its oral agreements" and for not being present at Aguilar's sentencing hearing. But Aguilar was represented by counsel at sentencing, and the sentence imposed was what he agreed to in the written plea agreement. Aguilar has not identified any "oral agreements" that the State made that it did not honor. Moreover, the written plea agreement states that Aguilar's "plea is voluntary and not the result of force, or threat, or promises other than those contained in the plea agreement." Aguilar has not shown how this written agreement differed from what the State offered. Nor has he shown how trial counsel's advice was deficient or prevented him from making an informed decision to plead guilty. *See State v. Donald*, 198 Ariz. 406, 413 ¶ 16 (App. 2000) (citing cases); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). For these reasons, his Rule 33.1(a) argument fails.

¶11       Next, Aguilar argues the court erred in rejecting his Rule 33.1(e) newly discovered evidence ground. This ground generally requires a showing that the facts were discovered after sentencing, that the defendant exercised due diligence in discovering the facts and that the newly discovered evidence is material and not cumulative or used solely for impeachment. *See* Ariz. R. Crim. P. 33.1(e). "Evidence is not newly discovered unless it was unknown to the trial court, the defendant, or counsel at the time of trial and neither the defendant nor counsel could have known about its existence by the exercise of due diligence." *State v. Saenz*, 197 Ariz. 487, 490 ¶ 13 (App. 2000) (citations omitted).

¶12       Aguilar claims a meth pipe seized by the police when he was arrested constitutes newly discovered evidence, arguing trial counsel should have been aware of the pipe but that he was not aware of it "until after reviewing discovery and preparing" his Rule 33 notice. Aguilar, however, concedes he knew of this evidence the day of his plea hearing, a month before sentencing. Because Aguilar knew of the meth pipe before sentencing, it could not constitute "newly discovered evidence" entitling him to post-conviction relief. *See* Ariz. R. Crim. P. 33.1(e)(1); *see also Saenz*, 197 Ariz. at 490-91 ¶¶ 13-14. Aguilar has not shown the superior court abused its discretion in rejecting his Rule 33.1(e) ground.

4

¶13        Aguilar next asserts a Rule 33.1(h) actual innocence ground. That Rule requires a petitioner to show "by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would find the defendant guilty of the offense beyond a reasonable doubt." Ariz. R. Crim. P. 33.1(h). Aguilar argues he was unaware of the methamphetamine and meth pipe seized by the police, and that establishing the owner of the pipe would show who owned the methamphetamine. But he has not shown how ownership of the pipe would show ownership of the methamphetamine. More fundamentally, Aguilar pled guilty to conspiracy to commit possession of dangerous drugs for sale, not to possession of dangerous drugs or possession of drug paraphernalia. Possession or ownership of drug paraphernalia, like a meth pipe, is not required to show guilt of conspiracy to commit possession of dangerous drugs for sale. Nor is possession of methamphetamine required to show guilt of such a conspiracy. A reasonable jury could find Aguilar guilty of conspiracy to commit possession of dangerous drugs for sale without evidence that he owned or possessed the meth pipe. For these reasons, the superior court did not abuse its discretion in concluding Aguilar failed to state a Rule 33.1(h) claim.

¶14        For similar reasons, Aguilar has shown no error in the denial of his request for DNA testing of the meth pipe. Among other things, to secure an order for DNA testing, Aguilar was required to show "a reasonable probability exists that [he] would not have been prosecuted, or [his] sentence would have been more favorable, if DNA testing . . . produce[d] exculpatory evidence." Ariz. R. Crim. P. 33.17(d)(1)(A); *see also* A.R.S. 13-4240(B). As discussed above, Aguilar has not shown how submitting the meth pipe for DNA testing would create a reasonable probability that he would not have been prosecuted or that his sentence would have been more favorable. *See* Ariz. R. Crim. P. 33.17(d)(1)(A). Particularly given he pled guilty to conspiracy to commit possession of dangerous drugs for sale, this is true even if DNA testing was done and revealed DNA belonging to someone else. *See, e.g.*, *State v. Hernandez*, 250 Ariz. 28, 33-34 ¶¶ 20-21 (2020). Aguilar has not shown the superior court erred in denying his request for DNA testing.

¶15        Finally, Aguilar contends that the superior court was required to appoint counsel for him. *State v. Smith*, which Aguilar cites, stated a petitioner in a Rule 32 proceeding (as it existed at that time) had no "right to appointed counsel in a discretionary proceeding." 184 Ariz. 456, 459 n.2 (1996). Current Rule 33.5 states that "after the defendant has filed a timely first notice," the superior court must appoint counsel upon request for indigent petitioners. Ariz. R. Crim. P. 33.5(a). However, if a first Rule 33

notice is untimely and lacks merit, the superior court is not required to appoint counsel. *See State v. Ainsworth*, 250 Ariz. 457, 459 ¶ 6 (App. 2021); *State v. Harden*, 228 Ariz. 131, 133-34 ¶ 11 (App. 2011); *State v. Hall*, 1 CA-CR 21-0119 PRPC, 2022 WL 100117, at *2 ¶¶ 8-9 (Ariz. App. Jan. 11, 2022) (mem. decision) (applying *Harden* in Rule 33 context). Aguilar has not shown that the superior court abused its discretion in denying his request for appointed counsel.[2]

**CONCLUSION**

¶16        For these reasons, this court grants review but denies relief.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:        JR

---

[2] Because Aguilar has shown no basis to do so, the court also denies his motion to suspend Rule 31.